■ ROBERT N. SCHUTZ, Respondent, v FINKELSTEIN BRUCKMAN WOHL MOST & ROTHMAN et al., Appellants. [648 NYS2d 174] —In an action to recover damages for the wrongful termination of employment, the defendants appeal from an order of the Supreme Court, Nassau County (Burke, J.), entered September 8, 1995, which granted the plaintiff's motion to amend the complaint to add as defendants the individual partners of the defendant partnership.

Ordered that the order is affirmed, with costs.

The plaintiff alleged that he was terminated from his employment on the basis of age and religious discrimination. In his original complaint, the plaintiff named only the defendant law firm. Several years later, however, he moved to amend the complaint to add the individual partners of the firm, and the partners opposed the motion, *inter alia,* on the ground that the Statute of Limitations barred the amendment.

Since the evidence clearly indicates that the partners were united in interest with the law firm (*see, Buran v Coupal,* 87 NY2d 173, 179, 181; *see also, Brock v Bua,* 83 AD2d 61, 69), and the partners are jointly and severally liable for the wrongful acts of the partnership under Partnership Law §§ 24 and 26, it was not an improvident exercise of discretion for the court to permit the plaintiff to amend his complaint. Nor did the court err in permitting the amendment to apply to the plaintiff's claim under the Age Discrimination in Employment Act (29 USC § 621 *et seq.; see, Johnson v Palma,* 931 F2d 203, 209; *see also, Egelston v State Univ. Coll.,* 535 F2d 752). Rosenblatt, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.

■ BRUCE A. SEIDERMAN, Respondent, et al., Plaintiff, v LEONID SHEYNBERG et al., Appellants. [648 NYS2d 938] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (I. Aronin, J.), dated September 5, 1995, which denied their motion for summary judgment dismissing the complaint of the plaintiff Bruce Adam Seiderman.

Ordered that the order is affirmed, with costs.

We agree with the Supreme Court that there remains an issue of fact as to whether the plaintiff Bruce Adam Seiderman sustained a "serious injury" within the meaning of Insurance Law § 5102 (d). Mangano, P. J., O'Brien, Pizzuto, Goldstein and Luciano, JJ., concur.