■ LISA B. SIER, Respondent-Appellant, v JACOBS PERSINGER & PARKER et al., Appellants-Respondents. [654 NYS2d 351] —Order, Supreme Court, New York County (Paula Omansky, J.), entered March 28, 1996, which, *inter alia*, granted defendants' motion for summary judgment dismissing the complaint only to the extent of dismissing that branch of plaintiff's retaliatory claim relating to defendant's alleged negative employment references, unanimously affirmed, without costs.

Summary judgment was properly denied with respect to plaintiff's retaliatory discharge claim since defendants failed to meet their burden of providing admissible proof of a "legitimate, independent, nondiscriminatory" reason for discharging plaintiff associate (*Sogg v American Airlines*, 193 AD2d 153, 156, *lv denied* 83 NY2d 754; *Tomka v Seiler Corp.*, 66 F3d 1295, 1308). We also agree that summary judgment dismissal of the sexual harassment claim on Statute of Limitations grounds was precluded by factual issues as to the timing of at least one of the alleged harasser's discriminatory acts and whether any act within the period of limitations constituted a continuing violation (*Cornwell v Robinson*, 23 F3d 694, 703-704; *see, Murphy v American Home Prods. Corp.*, 58 NY2d 293, 307). Similarly, triable issues of fact remain regarding whether defendant law firm condoned the discriminatory acts of the alleged harasser (*see, Matter of State Div. of Human Rights v St. Elizabeth's Hosp.*, 66 NY2d 684). Under section 26 of the

Partnership Law, the individual partners of defendant law firm are severally and jointly liable for the discriminatory acts of the firm (*Schutz v Finkelstein Bruckman Wohl Most & Rothman*, 232 AD2d 470).

We have considered the parties' remaining contentions for affirmative relief and find them to be without merit. Concur—Murphy, P. J., Wallach, Rubin and Williams, JJ.