■ ROBERT N. SCHUTZ, Appellant, v FINKELSTEIN BRUCKMAN WOHL MOST & ROTHMAN et al., Respondents. [668 NYS2d 669] —In an action to recover damages for the wrongful termination of employment, the plaintiff appeals from an order of the Supreme Court, Nassau County (Burke, J.), dated November 15, 1996, which granted those branches of the defendants' respective motions which were to dismiss (1) the second cause of action in the second amended complaint, (2) the second amended complaint insofar as asserted against the individual defendants, and (3) the plaintiff's jury demand, and denied its cross motion to impose sanctions upon the defendants.

Ordered that the order is modified by deleting therefrom the provisions which granted those branches of the defendants' respective motions which were to dismiss (1) the second cause of action in the second amended complaint, (2) the second amended complaint insofar as asserted against the individual defendants, and (3) the plaintiff's jury demand, and substituting therefor a provision denying those branches of the defendants' respective motions; as so modified, the order is affirmed, with costs to the appellant.

The Supreme Court erred in dismissing the second cause of action in the second amended complaint, alleging a violation of the Federal Age Discrimination in Employment Act (29 USC § 623) (hereinafter the ADEA). The court reasoned that the second cause of action was untimely. However, the second cause of action arose out of the same facts and circumstances which gave rise to the first and third causes of action, alleging violations of the Human Rights Law (Executive Law art 15) (*see, Ferrante v American Lung Assn.*, 90 NY2d 623). It is undisputed that the first and third causes of action were interposed in a timely fashion in the original complaint. Accordingly, the ADEA claim is deemed to relate back to the claims that had been interposed in the original complaint (*see,*

CPLR 203 [f]; *Matter of Ward v Bennett*, 214 AD2d 741; *Omni Group Farms v County of Cayuga*, 199 AD2d 1033; *see also, Schutz v Finkelstein Bruckman Wohl Most & Rothman*, 232 AD2d 470). The defendants at all times were on notice of the facts and occurrences giving rise to the ADEA claim and have not demonstrated any prejudice or surprise in connection with this result (*see, Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d 18, 23; *see also, Gallo v Prudential Residential Servs.*, 22 F3d 1219, 1224).

The Supreme Court additionally erred in dismissing the second amended complaint against the individual defendants, who are partners in the law firm that employed the plaintiff (*see, Schutz v Finkelstein Bruckman Wohl Most & Rothman, supra; see also, Patrowich v Chemical Bank*, 63 NY2d 541, 543-544; Executive Law § 292 [5]; 29 USC § 630 [b]; *Equal Empl. Opportunity Commn. v State of Illinois*, 69 F3d 167, 171; *Austin v Cornell Univ.*, 891 F Supp 740, 749-750).

Under Federal statutory law, the plaintiff is entitled "to a trial by jury of any issue of fact" giving rise to his ADEA claim (29 USC § 626 [c] [2]). Accordingly, the Supreme Court erred in dismissing the plaintiff's jury demand (*see, CPLR 4101 [3]; Guice v Schwab & Co.*, 89 NY2d 31, 39, *cert denied* 520 US 1118; *Kolomick v New York Air Natl. Guard*, 219 AD2d 367; *cf., Bockino v Metropolitan Transp. Auth.*, 224 AD2d 471).

The plaintiff's remaining contention is without merit. O'Brien, J. P., Thompson, Santucci and McGinity, JJ., concur.