■ COLLEEN A. ENGLISH, Respondent, v SKI WINDHAM OPERATING CORP., Doing Business as SKI WINDHAM, Appellant.

[692 NYS2d 703] —In an action to recover damages for personal injuries, the defendant Ski Windham Operating Corp., d/b/a Ski Windham, appeals from an order of the Supreme Court, Suffolk County (Henry, J.), dated March 23, 1998, which denied its motion, *inter alia*, for summary judgment dismissing the complaint, in effect, as premature, and granted the plaintiff's cross motion for leave to amend the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, Colleen A. English, who is physically disabled, commenced this action to recover damages for injuries she allegedly sustained as a result of a fall while skiing at the defendant ski resort. At the time of her fall, the plaintiff was enrolled in a ski program for the disabled operated by the Eastern Division of the Professional Ski Instructors' Association, and using ski equipment which she rented from the defendant. The complaint initially alleged that her injuries were caused by the negligent direction, supervision, and instruction of the defendant or its agents in the operation of the ski school. The Supreme Court granted the plaintiff's motion for leave to amend her complaint to assert an additional cause of action alleging that the defendant had supplied her with defective and improperly-fitted ski equipment, and denied the defendant's motion, *inter alia*, for summary judgment, in effect, as premature, with leave to renew upon the completion of discovery. We affirm.

Contrary to the defendant's contention, the allegations in the original complaint gave notice of the transactions and occurrences to be proved pursuant to the amended complaint. The defendant had notice of the facts upon which the additional cause of action is based, including two accident reports which stated that the plaintiff's left ski binding failed to release during the accident, and that the plaintiff "got tangled up in the bamboo poles". Moreover, the defendant conducted a post-accident inspection of the plaintiff's ski equipment and prepared a report of its findings. Accordingly, the amended complaint related back to the original complaint (*see,* CPLR 203 [f]; *Bank of N. Y v Midland Ave. Dev. Co.,* 248 AD2d 342; *Schutz v Finkelstein Bruckman Wohl Most & Rothman,* 247 AD2d 460; *Rende v Cutrofello,* 226 AD2d 694). Although the defendant destroyed the plaintiff's ski equipment more than one year after the action was commenced, under the circumstances of this case, including the two accident reports and the report based upon the defendant's post-accident inspection of the ski equipment, the defendant is not prejudiced by the amendment (*see, Murray v City of New York,* 43 NY2d 400; *Seaman Corp. v*

*Binghamton Sav. Bank,* 243 AD2d 1027, 1028; *Felix v Lettre,* 204 AD2d 679; *Cutwright v Central Brooklyn Urban Dev. Corp.,* 127 AD2d 731). Under the circumstances of this case, the plaintiff's failure to submit an affidavit of merit with her cross motion was not fatal to the proposed amendment (*see, Noanjo Clothing v L & M Kids Fashions,* 207 AD2d 436; *Hauptman v New York City Health & Hosps. Corp.,* 162 AD2d 588). Therefore, the Supreme Court did not improvidently exercise its discretion by granting the plaintiff's cross motion.

The plaintiff successfully established that facts essential to opposing the defendant's motion for summary judgment with respect to the validity of certain release agreements and the plaintiff's negligent direction, supervision, and instruction cause of action, are exclusively within the knowledge of the defendant. Moreover, the record unequivocally demonstrates that the plaintiff has not been afforded a reasonable opportunity to conduct discovery. Under these circumstances, the Supreme Court properly denied the defendant's motion for summary judgment with leave to renew upon the completion of discovery (*see,* CPLR 3212 [f]; *C & L Bros. v 3467 Merrick Rd. Laundry,* 240 AD2d 690). Mangano, P. J., Friedmann, McGinity and Feuerstein, JJ., concur.