■ RCLA, LLC, Appellant, v 50-09 REALTY, LLC, et al., Respondents. [852 NYS2d 211]—

In an action to recover a brokerage commission, the plaintiff appeals from an order of the Supreme Court, Kings County (Demarest, J.), dated January 4, 2007, which denied its motion for leave to serve an amended complaint and granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action and for summary judgment on their counterclaim to the extent of awarding the defendants the sum of $125,000.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, the plaintiff's motion for leave to serve an amended complaint is granted, that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) is denied as academic, that branch of the defendants' motion which was for summary judgment on the counterclaim is denied, and the proposed amended verified complaint, annexed to the plaintiff's motion papers, is deemed served.

"In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (*G.K. Alan Assoc., Inc. v Lazzari,* 44 AD3d 95, 99 [2007]; *see* CPLR 3025; *Trataros Constr., Inc. v New York City Hous. Auth.,* 34 AD3d 451 [2006]; *Surgical Design Corp. v Correa,* 31 AD3d 744 [2006]; *Melendez v Bernstein,* 29 AD3d 872 [2006]). Applying this rule here, the plaintiff's motion should have been granted. The affidavit of the plaintiff's managing member, William Foster, alleged sufficient facts demonstrating the plaintiff's role as an agent of the lender herein. Further, the affidavit of the defendant Cheskel Schwimmer admitted this fact by stating that "[t]hroughout the transaction, RCLA represented that it was acting as an agent or alter ego of the lender." Accordingly, the proposed amendment was not patently devoid of merit (*see Kreuter v Tsucalas,* 287 AD2d 50 [2001]; *Eaton Assoc. v Highland Broadcasting Corp.,* 81 AD2d 603 [1981]).

Further, there was no showing of prejudice here. Prejudice requires that "the defendant has been hindered in the preparation of his case or has been prevented from taking some measure in support of his position" (*Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d 18, 23 [1981]; *see Whalen v Kawasaki Motors Corp., U.S.A.*, 92 NY2d 288, 293 [1998]). The defendants have made no such showing. The defendants cannot claim prejudice or surprise since the proposed amendment arises out of the same facts as those underlying the original complaint. Exposure to additional liability does not, in itself, constitute prejudice (*see Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d at 23). The Supreme Court therefore improvidently exercised its discretion in denying the plaintiff's motion for leave to amend.

In addition, the defendants were not entitled to summary judgment on their counterclaim, since, in opposition to the defendants' prima facie showing, the plaintiff raised triable issues of fact regarding the relationship between the plaintiff and the defendants in the underlying transaction, as highlighted by Schwimmer's own admissions in his affidavit (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Lastly, in light of our determination that the plaintiff's motion for leave to serve an amended complaint should have been granted, that branch of the defendants' motion which was to dismiss the original complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7) should have been denied as academic. Spolzino, J.P., Ritter, Miller and Dickerson, JJ., concur.