■ COMMISSIONERS OF STATE INSURANCE FUND, Respondent, v SERVICE UNLIMITED, USA, INC., Appellant. [857 NYS2d 230]—

In an action to recover unpaid premiums for a workers' compensation insurance policy, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), entered March 21, 2007, as granted the plaintiff's motion for leave to amend the complaint to increase the ad damnum clause, and denied that branch of its cross motion which was to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted the plaintiff's motion for leave to amend the complaint to increase the ad damnum clause. Pursuant to CPLR 3025 (b), a court shall "freely" grant a party leave to amend a pleading "upon such terms as may be just." In general, motions for leave to amend a pleading should be granted unless the proposed amendment is "palpably insufficient or patently devoid of merit, or where the delay in seeking the amendment would cause prejudice or surprise" (*Lucido v Mancuso,* 49 AD3d 220, 229 [2008]; *see Trataros Constr., Inc. v New York City School Constr. Auth.,* 46 AD3d 874 [2007]; *G.K. Alan Assoc., Inc. v Lazzari,* 44 AD3d 95, 99 [2007]). More specifically, a motion for leave to amend the complaint to increase the ad damnum clause made prior to trial is permissible where there is no prejudice to the opposing party (*see Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18, 23 [1981]; *Matter of Cohn,* 46 AD3d 680, 681 [2007]). Here, the proposed amendment is not palpably insufficient or patently devoid of merit, and the defendant has failed to establish any prejudice. While the amended ad damnum clause will expose the defendant to additional liability, this fact, standing alone, does not amount to prejudice (*see RCLA, LLC v 50-09 Realty, LLC,* 48 AD3d 538 [2008]; *Pansini Stone Setting, Inc. v Crow & Sutton Assoc., Inc.,* 46 AD3d 784, 786 [2007]).

The defendant's remaining contention is without merit. Miller, J.P., Dillon, McCarthy and Chambers, JJ., concur.