■ TRANS-WORLD TRADING, LTD., Doing Business as ATLANTIC BALLOON, Appellant, v NORTH SHORE UNIVERSITY HOSPITAL AT PLAINVIEW, Respondent, et al., Defendants. [882 NYS2d 685]—

In an action, inter alia, to recover damages for conversion, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), entered December 7, 2007, as denied its motion for leave to amend the complaint and granted that branch of the cross motion of the defendant North Shore University Hospital at Plainview which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

In the 1990s the defendant North Shore University Hospital at Plainview (hereinafter the Hospital), contracted with James Saracco, doing business as Deluxe Coffee Shop (hereinafter the coffee shop), to operate a coffee and gift shop on the Hospital's premises. The plaintiff Trans-World Trading, Ltd., doing business as Atlantic Balloon, was one of the coffee shop's suppliers. In 1999 the Hospital decided to close the coffee shop. The Hospital removed merchandise left in the coffee shop and placed it in an off-site storage facility pending resolution of conflicting claims of ownership of the merchandise by the plaintiff and the coffee shop.

The plaintiff commenced this action seeking, inter alia, damages for conversion against the Hospital. The cause of action to recover damages for conversion alleged that the goods allegedly converted were housed in the coffee shop. In May 2007 the plaintiff moved for leave to amend the complaint to add a cause of action against the Hospital alleging tortious interference with the plaintiff's contractual relations with the coffee shop. It also sought leave to amend the cause of action to recover damages for conversion against the Hospital to include, in addition to the goods housed in the coffee shop, goods that were purportedly stored in the Hospital basement.

A motion for leave to amend a complaint should be freely granted "unless the proposed amendment is 'palpably insuf-

ficient or patently devoid of merit, or where the delay in seeking the amendment would cause prejudice or surprise' " (*Commissioners of State Ins. Fund v Service Unlimited, USA, Inc.*, 50 AD3d 1085, 1085 [2008], quoting *Lucido v Mancuso*, 49 AD3d 220, 222 [2008]; *see G.K. Alan Assoc., Inc. v Lazzari*, 44 AD3d 95, 99 [2007], *affd* 10 NY3d 941 [2008]). The Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to amend the cause of action to recover damages for conversion to include goods that were purportedly stored in the Hospital's basement. Although exposure to additional liability alone does not, in and of itself, amount to prejudice (*see Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d 18, 23 [1981]; *Commissioners of State Ins. Fund v Service Unlimited, USA, Inc.*, 50 AD3d at 1085), in this case, the five-year delay in seeking the amendment based upon facts that the plaintiff had known since the inception of this action caused the Hospital surprise and prejudice. The plaintiff's claim that the Hospital converted a few hundred boxes of goods stored in its basement was not discernible from the complaint. Thus, for more than five years, the Hospital proceeded on the premise that the merchandise underlying the conversion claim was housed inside the coffee shop (*see Morris v Queens Long Is. Med. Group, P.C.*, 49 AD3d 827 [2008]; *cf. Schutz v Finkelstein Bruckman Wohl Most & Rothman*, 247 AD2d 460, 461 [1998]). Moreover, the plaintiff failed to present a reasonable excuse for the delay. In light of the prejudice, it is not necessary to address whether the proposed amendment was palpably insufficient or patently devoid of merit (*see Morris v Queens Long Is. Med. Group, P.C.*, 49 AD3d at 829; *G.K. Alan Assoc., Inc. v Lazzari*, 44 AD3d at 99; *Lucido v Mancuso*, 49 AD3d at 222).

Under the circumstances of this case, the Supreme Court also providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to amend the complaint to add a cause of action against the Hospital alleging tortious interference with contract (*see Scofield v DeGroodt*, 54 AD3d 1017, 1018 [2008]; *Benyo v Sikorjak*, 50 AD3d 1074, 1076 [2008]; *Lucido v Mancuso*, 49 AD3d at 222; *Beja v Meadowbrook Ford*, 48 AD3d 495 [2008]).

Finally, the Supreme Court properly granted that branch of the Hospital's motion which was for summary judgment dismissing the complaint insofar as asserted against it. "Where one is rightfully in possession of property, one's continued custody of the property and refusal to deliver it on demand of the owner until the owner proves his right to it does not constitute a conversion" (*Mehlman Mgt. Corp. v Fong May Fan*, 121

AD2d 609, 610 [1986]; *see Bradley v Roe*, 282 NY 525, 531 [1940]). The Hospital demonstrated its entitlement to judgment as a matter of law on the plaintiff's cause of action to recover damages for conversion of the merchandise located in the coffee shop by establishing, prima facie, that it was rightfully in possession of that merchandise, and that the plaintiff never proved its right to that merchandise. In opposition to the Hospital's prima facie showing, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-325 [1986]). Mastro, J.P., Dillon, Santucci and Balkin, JJ., concur. [*See* 2007 NY Slip Op 33982(U).]