In an action to recover damages for personal injuries, the *670 defendant Comjem Associated appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Martin, J.), dated August 28, 2008, as denied its motion to dismiss the action pursuant to CPLR 3126 for failure to comply with discovery, denied its separate motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, without prejudice to renewal upon the completion of discovery, and granted that branch of the plaintiffs cross motion which was to add Jem Realty Management Corporation as a defendant.
Ordered that the appeal from so much of the order as granted that branch of the plaintiffs cross motion which was to add Jem Realty Management Corporation as a defendant is dismissed, without costs or disbursements, on the ground that the appellant is not aggrieved by that provision (see CPLR 5511; LDV Enters, v Puma, 285 AD2d 628 [2001]; Coffey v Brodsky, 278 AD2d 191 [2000]; Poulard v Papamihlopoulos, 254 AD2d 266 [1998]); and it is further,
Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.
The Supreme Court properly denied the motion of the defendant Comjem Associated (hereinafter Comjem) for summary judgment, without prejudice to renew upon the completion of discovery (see Ticali v Locascio, 24 AD3d 430 [2005]; English v Ski Windham Operating Corp., 263 AD2d 443 [1999]). Further, the denial of Comjem’s motion to dismiss based upon a failure to comply with discovery was not an improvident exercise of discretion (see Cafaro v Emergency Servs. Holding, Inc., 11 AD3d 496 [2004]). Mastro, J.P., Santucci, Chambers and Lott, JJ., concur.