■ THELMA CORWISE, Respondent, v LEFRAK ORGANIZATION et al., Appellants. [940 NYS2d 659]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Ritholtz, J.), entered January 25, 2011, as granted the plaintiff's motion for leave to amend the amended complaint to increase the ad damnum clause.

Ordered that the order is affirmed insofar as appealed from, with costs.

In general, motions for leave to amend a pleading should be granted unless the proposed amendment is "palpably insufficient or patently devoid of merit, or where the delay in seeking the amendment would cause prejudice or surprise" (*Lucido v Mancuso*, 49 AD3d 220, 229 [2008]). More specifically, a motion for leave to amend a complaint to increase the ad damnum clause made prior to trial is permissible where there is no prejudice to the opposing party (*see Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d 18, 23 [1981]; *Commissioners of State Ins. Fund v Service Unlimited, USA, Inc.*, 50 AD3d 1085 [2008]; *Kushner v Queens Tr. Corp.*, 97 AD2d 432 [1983]; *Hillenbrand v 3801 Review Place*, 72 AD2d 554 [1979]).

Here, the proposed amendment is not palpably insufficient or patently devoid of merit. Moreover, under the circumstances of this case, the amendment does not cause the defendants prejudice. The action against the defendants Lefrak Organization

and Mid State Management Corp. was commenced in the Supreme Court, Queens County, before being transferred, pursuant to the parties' stipulation based on CPLR 325 (d), to the Civil Court, where the plaintiff filed an amended complaint which added the defendant Ceylon Leasing Limited Partnership. Although an action so removed remains subject to the monetary jurisdiction of the Supreme Court (*see* CPLR 325 [d]), the amended complaint sought damages in the amount of the jurisdictional limit of the Civil Court. The parties thereafter stipulated to vacate the transfer order, and the action was returned to the Supreme Court. Upon the return of the action to the Supreme Court, that court properly granted the plaintiff's motion for leave to amend the amended complaint to increase the ad damnum clause, as it did not result in prejudice or surprise (*see Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d at 24; *Commissioners of State Ins. Fund v Service Unlimited, USA, Inc.*, 50 AD3d at 1085). Rivera, J.P., Angiolillo, Leventhal and Cohen, JJ., concur.