■ GREEN COMPLEX, INC., Appellant, v DOUG SMITH, Respondent. [968 NYS2d 128]—

In an action, inter alia, to recover damages for breach of a contract for the sale of real property and for a judgment declaring that the plaintiff is entitled to recover its down payment, the plaintiff appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Gavrin, J.), entered September 12, 2011, as granted those branches of the defendant's motion which were for summary judgment dismissing the complaint and on his first counterclaim, and to vacate a notice of pendency filed in connection with the subject property, and denied those branches of its cross motion which were for summary judgment on the complaint and dismissing the defendant's first counterclaim.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendant's motion which were for summary judgment dismissing the cause of action alleging breach of contract and on his first counterclaim, and to vacate a notice of pendency filed in connection with the subject property, and substituting therefor a provision denying those branches of the defendant's motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On August 15, 2007, the plaintiff buyer, Green Complex, Inc. (hereinafter Green Complex), and the defendant seller, Doug Smith, also known as Marion D. Smith, executed a contract for the sale of certain real property located on 35th Avenue in Queens (hereinafter the subject property). Pursuant to the contract, Green Complex agreed to purchase the subject property from Smith for the sum of $4,300,000 and to tender a down payment in the sum of $500,000 to be held in escrow by Smith's attorney. Article 6 (b) of the contract provided, however, that in lieu of depositing the down payment, referred to as the "initial advance," into an escrow account, Smith "may post a bond or letter of Credit . . . guaranteeing the return of such advance." Article 14 of the contract contained a liquidated damages clause providing that if Green Complex failed to perform or comply with any of its provisions or was otherwise in default, the down payment shall be retained by Smith as his sole and exclusive remedy. Article 11 of the contract entitled Green Complex to recover the down payment in the event Smith was unable to convey marketable title or to deliver possession of the subject property in accordance with the contract on the closing date and failed to cure the defect within 60 days of the closing date.

In a letter dated September 18, 2007, Smith's attorney requested the release of $100,000 from the down payment. Below the typewritten request was a handwritten agreement, signed by both parties, stating, inter alia, that this amount was in addition to an earlier $100,000 advance and that the sum of $200,000 was part of the purchase price to be credited to Green Complex. The agreement further stated that if the closing did not take place, Smith would refund the money. In a letter dated October 19, 2007, drafted by the attorney for Green Complex and countersigned by Smith, the parties agreed that closing of title would take place "a minimum of six months from the date of the contract to a maximum of one year from said signing date."

On or about February 1, 2008, the parties executed a document entitled "First Amendment to Contract of Sale." This amendment provided, inter alia, that in 2007, Green Complex had paid $300,000 of the $500,000 in three payments of $100,000 and that the remaining $200,000 would be paid in four equal installments of $50,000 between February 4, 2008, and February 25, 2008. In consideration for the release of the entire down payment, Green Complex was afforded up to two years from the signing of the amendment to close the transaction.

At some point after the parties executed the amendment, the parties' relationship deteriorated. Green Complex accused Smith of failing to cooperate with its request to perform boring tests at the subject property which apparently were necessary to secure financing and to move forward with the transaction. According to Green Complex, Smith also had failed to post a bond to secure the return of the advanced down payment. In April 2009, the attorney for Green Complex demanded the return of all down payments and that the contract be deemed null and void. In June 2009, Green Complex commenced this action to recover damages for breach of contract, conversion, and unjust enrichment, and for a judgment declaring that it was entitled to retain the down payment. After issue was joined and discovery was conducted, Smith moved for summary judgment dismissing the complaint and on his first counterclaim, which was for a judgment declaring that the Green Complex's default entitled him to retain the down payment, and to vacate the notice of pendency. Green Complex cross-moved, inter alia, for summary judgment declaring that it was entitled to recover the down payment and dismissing Smith's counterclaims.

Green Complex appeals from so much of the Supreme Court's order as granted those branches of Smith's motion which were

for summary judgment dismissing the complaint, and on his first counterclaim, and to vacate the notice of pendency, and as denied those branches of Green Complex's cross motion which were for summary judgment on the complaint and dismissing Smith's first counterclaim.

The Supreme Court properly granted that branch of Smith's motion which was for summary judgment dismissing the cause of action alleging conversion, since he was rightfully in possession of the down payment (see Matter of Channel Mar. Sales, Inc. v City of New York, 75 AD3d 600, 601 [2010]). "Where one is rightfully in possession of property, one's continued custody of the property and refusal to deliver it on demand of the owner until the owner proves his [or her] right to it does not constitute a conversion" (Trans-World Trading, Ltd. v North Shore Univ. Hosp. at Plainview, 64 AD3d 698, 700 [2009] [internal quotation marks omitted]). The Supreme Court also properly granted that branch of the motion which was for summary judgment dismissing the cause of action alleging unjust enrichment as duplicative of the breach of contract cause of action (see Fortune Limousine Serv., Inc. v Nextel Communications, 35 AD3d 350, 353 [2006]).

Contrary to the Supreme Court's conclusion, however, Smith failed to establish his prima facie entitlement to judgment as a matter of law dismissing the breach of contract cause of action, since he failed to eliminate all triable issues of fact with respect to that cause of action (see Rush v Swimming Pools by Jack Anthony, Inc., 98 AD3d 728, 729-730 [2012]). Furthermore, the Supreme Court erred in granting those branches of Smith's motion which were for summary judgment on his first counterclaim, which was for a judgment declaring that he was entitled to retain the down payment, and to vacate the notice of pendency. Indeed, triable issues of fact exist regarding, inter alia, whether Smith materially breached the contract by failing to cooperate with Green Complex's requests to conduct boring tests on the subject property and by failing to post a bond or letter of credit to secure the return of the advanced down payment sums, whether Smith was entitled to retain the down payment due to Green Complex's default, and whether Green Complex was entitled to return of the down payment pursuant to the contract and the parties' written amendments thereto. Since Green Complex also failed to eliminate all triable issues of fact, the Supreme Court properly denied its cross motion for summary judgment on the complaint and dismissing Smith's first counterclaim. Dillon, J.P., Angiolillo, Austin and Hinds-Radix, JJ., concur.