Mejia v T.N. 888 Eighth Ave. LLC Co. (2019 NY Slip Op 01495)





Mejia v T.N. 888 Eighth Ave. LLC Co.


2019 NY Slip Op 01495


Decided on February 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 28, 2019

Friedman, J.P., Kapnick, Webber, Oing, Singh, JJ.


8549 150228/14

[*1]Judith Mejia, Plaintiff-Appellant,
v
T.N. 888 Eighth Avenue LLC Co. doing business as Cosmic Diner, et al., Defendants-Respondents, ABC Corporations #1-10, et al., Defendants.


Nesenoff & Miltenberg, LLP, New York (Megan S. Goddard of counsel), for appellant.
Morrison Law Offices of Westchester, P.C., New York (Arthur Morrison of counsel), for respondents.



Order, Supreme Court, New York County (Robert D. Kalish, J.), entered December 30, 2016, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Actions for discrimination under the New York State Human Rights Law (State HRL) and the City Human Rights Law (City HRL) must be commenced within three years after the alleged unlawful discriminatory practice or act of discriminatory harassment (CPLR 214[2]; Administrative Code of City of NY § 8-502[d]). Here, in support of her claim of sexual harassment creating a hostile work environment, plaintiff cited with specificity only one alleged incident in 2009, which included a cook's sexual jokes, groping, and suggestions that she go to a motel with him, but these alleged actions occurred more than three years before commencement of the action. Plaintiff also stated that she was regularly exposed to such conduct until she left her employment at defendant diner in 2013, but she could not specify any incidents after 2009, and thus failed to raise a triable issue of fact as to whether any act occurred within the statute of limitations to constitute a continuing violation (National RR. Passenger Corp. v Morgan, 536 US 101 [2002]; cf. Sier v Jacobs Persinger & Parker, 236 AD2d 309, 309 [1st Dept 1997]). Accordingly, the cause of action was properly dismissed as time-barred.
The motion court applied the correct standard of review, and properly granted defendants' motion for summary judgment dismissing plaintiff's remaining claims of hostile work environment on account of her sex, race/national origin or age under the State and City HRLs (Executive Law § 296[1][a]; Administrative Code § 8—107[1][a]).
Plaintiff's supervisor's stray remark about her age did not raise any triable issue of a hostile work environment (Mete v New York State Off. of Mental Retardation & Dev. Disabilities, 21 AD3d 288, 294 [1st Dept 2005]). Plaintiff could not recall with any specificity the times that she was referred to as a "drug dealer" or criminal, based on her nationality, nor was she able to raise any triable issue as to whether Greek waiters were given preferential treatment over Hispanic waiters. Moreover, while plaintiff stated that her supervisor leered at her and referred to women in a derogatory manner, she failed to cite any non-conclusory facts including any details of when the alleged conduct occurred. Thus, plaintiff failed to raise a triable issue of a hostile work environment based on her sex (id.).
As plaintiff failed to raise a triable issue regarding her hostile work environment claims, she failed to raise a triable issue concerning whether she was constructively discharged due to that hostile work environment (see Gaffney v City of New York, 101 AD3d 410, 411 [1st Dept [*2]2012], lv denied 21 NY3d 858 [2013]; Mascola v City Univ. of N.Y., 14 AD3d 409, 410 [1st Dept 2005]).
Furthermore, the court correctly determined that plaintiff had no viable retaliation claim under the State and City HRLs (see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 312-313 [2004]; Fletcher v Dakota, Inc., 99 AD3d 43, 51-52 [1st Dept 2012]; Executive Law § 296[7]; Administrative Code § 8-107[7]). Plaintiff failed to specify any instances, dates or times of those complaints she made of unlawful discrimination, other than her verbal complaint to a customer who was an off duty police officer in 2009, which occurred approximately four years earlier than her alleged constructive discharge, and thus was too remote in time to raise a triable issue of retaliation. She also failed to raise an issue as to whether defendants' commencement of a lawsuit against her for theft in 2013, was retaliation for any alleged complaints of discrimination made on unspecified dates.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 28, 2019
CLERK