| **Reyes v 44-45 Broadway Realty Co.** |
|:---:|
| 2026 NY Slip Op 30794(U) |
| March 2, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 156976/2024 |
| Judge: Leslie A. Stroth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:  **HON. LESLIE A. STROTH**
*Justice*

PART 12M

----------------------------------------------------------------X

DENICE NUNEZ REYES,

Plaintiff,

- v -

44-45 BROADWAY REALTY CO., MCDONALD'S

Defendant.

----------------------------------------------------------------X

INDEX NO. 156976/2024

MOTION DATE 11/26/2025

MOTION SEQ. NO. 001

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 21, 22, 23, 24, 25, 26, 27, 28

were read on this motion to/for          AMEND CAPTION/PLEADINGS          .

Plaintiff commenced this action after sustaining injuries due to a trip and fall. Plaintiff moves, without opposition, for leave to serve and file an Amended Summons and Amended Verified Complaint, adding P. Hendel Products Partnership, and Team Hendel Products, LLC, as party-defendants, and to amend the caption accordingly.

Pursuant to CPLR § 3025(b), "A party may amend his or her pleading, or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court or by stipulation of all parties. Leave shall be freely given upon such terms as may be just. Any motion to amend or supplement pleadings shall be accompanied by the proposed amended or supplemental pleading clearly showing the changes or additions to be made to the pleading."

"In general, motions for leave to amend a pleading should be granted unless the proposed amendment is palpably insufficient or patently devoid of merit, or where the delay in seeking the amendment would cause prejudice or surprise" (*Corwise v Lefrak Org.*, 93 A.D.3d 754 [2nd Dept 2012]). "Prejudice requires that the '[opposing party] has been hindered in the preparation of his

[* 1]

case or been prevented from taking some measure in support of his position.'" (*RCLA, Inc. v 50-09 Realty, LLC,* 48 A.D.3d 538, 539, 852 NYS2d 211 [2d Dept 2008], quoting *Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18, 23, 444 NYS2d 571, 429 N.E.2d 90 [Ct App 1981]).

In *MBIA Ins.,* the Court held that "on a motion for leave to amend, [a party] need not establish the merit of its proposed new allegations, but simply show that the proffered amendment is not palpably insufficient or clearly devoid of merit" *(MBIA Ins. Corp. v. Greystone & Co.,* 74 A.D.3d 499 [1st Dept 2010]; *see also Cruz v. Brown,* 129 A.D.3d 455 [1st Dept 2015]).

Plaintiff's Motion is granted. The proposed amendment seeks to add two parties as Defendants who "had a contract to perform certain work at the subject premises," or who otherwise owned, operated, maintained, controlled, or managed the premises of Plaintiff's injury (Plaintiff's Affirmation, NYSCEF Doc. No 22 at 2; Plaintiff's Amended Complaint, NYSCEF Doc. No. 26 at 6-7). These allegations are not palpably insufficient or clearly devoid of merit.

Moreover, there is no basis to find prejudice or surprise. Here, there is no evidence that Defendants will suffer any material disadvantage if Plaintiff is permitted to amend her pleading. To the contrary, allowing the amendment ensures that all potentially responsible parties are before the Court and promotes the full and fair adjudication of Plaintiff's claims. Plaintiff's motion for leave to amend is granted in its entirety.

Accordingly, it is hereby

ORDERED that Plaintiff's motion for leave to amend the complaint pursuant to CPLR § 3025(b) is granted; and it is further

ORDERED that the amended summons and amended verified complaint annexed to Plaintiff's moving papers shall be deemed served upon personal service of a copy of this order with notice of entry upon all parties who have appeared in the action; and it is further

ORDERED that a supplemental summons and amended complaint, in the form annexed to Plaintiff's moving papers, shall be served, in accordance with the Civil Practice Law and Rules, upon the additional parties in this action within 30 days after service of a copy of this order with notice of entry; and it is further

ORDERED that the action shall bear the following caption:

---------------------------------------------------------------------------------X

DENICE NUNEZ REYES,

Plaintiff,

- v -

44-45 BROADWAY REALTY CO., MCDONALD'S, P.
HENDEL PRODUCTS PARTNERSHIP, and TEAM HENDEL
PRODUCTS, LLC

Defendant.

---------------------------------------------------------------------------------X

And it is further

ORDERED that counsel for the moving party shall serve a copy of this order with notice of entry upon the County Clerk (60 Centre Street, Room 141B) and the Clerk of the General Clerk's Office (60 Centre Street, Room 119), who are directed to mark the court's records to reflect the parties being added pursuant hereto; and it is further

ORDERED that such service upon the County Clerk and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse*

*and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page

on the court's website at the address [www.nycourts.gov/supctmanh]).

The foregoing constitutes the decision and order of the Court.

___3/2/2026___
DATE

HON. LESLIE STROTH
J.S.C.

CHECK ONE: ☐ CASE DISPOSED ☒ NON-FINAL DISPOSITION

☒ GRANTED ☐ DENIED ☐ GRANTED IN PART ☐ OTHER

APPLICATION: ☐ SETTLE ORDER ☐ SUBMIT ORDER

CHECK IF APPROPRIATE: ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE