| **Gonzalez v De Maurier** |
|:---:|
| 2026 NY Slip Op 30911(U) |
| March 6, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 655850/2023 |
| Judge: Leslie A. Stroth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. LESLIE A. STROTH                              PART                              12M
_____
                                                    *Justice*

-------------------------------------------------------------------X

ANA GONZALEZ,

                       Plaintiff,

          - v -

ADA LANGMAN DE MAURIER, DANIEL DE MAURIER

              Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 655850/2023 |
| MOTION DATE | 10/01/2025 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 25, 26, 27, 28, 29, 30, 31

were read on this motion to/for              _____AMEND CAPTION/PLEADINGS_____.

Plaintiff commenced this action for unpaid wages for the live-in housekeeping services and other personal services that she provided to Defendants. Plaintiff moves, without opposition, for leave to serve and file an Amended Summons and Amended Verified Complaint with the following changes: substituting Defendant Daniel Maurier for his estate; adding Defendants' son, Andres Szabo as a party-defendant; adding claims under Florida state law; adding claims under the Fair Labor Standards Act under New York Labor Law; and making aesthetic changes to the Complaint.

Pursuant to CPLR § 3025(b), "A party may amend his or her pleading, or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court or by stipulation of all parties. Leave shall be freely given upon such terms as may be just. Any motion to amend or supplement pleadings shall be accompanied by the proposed amended or supplemental pleading clearly showing the changes or additions to be made to the pleading."

655850/2023   GONZALEZ, ANA vs. LANGMAN DE MAURIER, ADA ET AL          Page 1 of 4
Motion No. 002

1 of 4

"In general, motions for leave to amend a pleading should be granted unless the proposed amendment is palpably insufficient or patently devoid of merit, or where the delay in seeking the amendment would cause prejudice or surprise" (*Corwise v Lefrak Org.*, 93 A.D.3d 754 [2nd Dept 2012]). "Prejudice requires that the '[opposing party] has been hindered in the preparation of his case or been prevented from taking some measure in support of his position.'" (*RCLA, Inc. v 50-09 Realty, LLC,* 48 A.D.3d 538, 539, 852 NYS2d 211 [2d Dept 2008], quoting *Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18, 23, 444 NYS2d 571, 429 N.E.2d 90 [Ct App 1981]).

In *MBIA Ins.*, the Court held that "on a motion for leave to amend, [a party] need not establish the merit of its proposed new allegations, but simply show that the proffered amendment is not palpably insufficient or clearly devoid of merit" (*MBIA Ins. Corp. v. Greystone & Co.,* 74 A.D.3d 499 [1st Dept 2010]; *see also Cruz v. Brown,* 129 A.D.3d 455 [1st Dept 2015]).

Plaintiff's motion is granted in part and denied in part. The proposed changes seek to substitute the Estate of Daniel Maurier for David Maurier, individually, as David Maurier passed away prior to filing. Plaintiff's proposed changes also include adding Andres Szabo, who allegedly dictated the terms of Plaintiff's employment, and additional claims under the Fair Labor Standards Act of New York Labor Law. These allegations and changes are not palpably insufficient or clearly devoid of merit. However, the Court will not permit an amendment to add claims under Florida state law.

Moreover, there is no basis to find prejudice or surprise, as discovery has not yet commenced. There is no evidence that Defendants will suffer any material disadvantage if Plaintiff is permitted to amend her pleading. To the contrary, allowing the amendment ensures

655850/2023 GONZALEZ, ANA vs. LANGMAN DE MAURIER, ADA ET AL Page 2 of 4
Motion No. 002

2 of 4

[* 2]

that all potentially responsible parties are before the Court and promotes the full and fair adjudication of Plaintiff's claims. Plaintiff's motion for leave to amend is granted in its entirety.

Accordingly, it is hereby

ORDERED that Plaintiff's motion for leave to amend the complaint pursuant to CPLR 3025(b) is granted in part and denied in part as outlined above; and it is further

ORDERED that Plaintiff is directed to serve and file the amended summons and amended complaint with the changes as outlined above within 30 days of this order; and it is further

ORDERED that the action shall bear the following caption:

--------------------------------------------------------------------------X

AURORA GONZALEZ,

Plaintiff,

- v -

ADA LANGMAN DE MAURIER, ANDRES SZABO, and THE ESTATE OF DANIEL DE MAURIER

Defendant.

--------------------------------------------------------------------------X

And it is further

ORDERED that counsel for the moving party shall serve a copy of this order with notice of entry upon the County Clerk (60 Centre Street, Room 141B) and the Clerk of the General Clerk's Office (60 Centre Street, Room 119), who are directed to mark the court's records to reflect the parties being added pursuant hereto; and it is further

ORDERED that such service upon the County Clerk and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse*

655850/2023 GONZALEZ, ANA vs. LANGMAN DE MAURIER, ADA ET AL
Motion No. 002

Page 3 of 4

3 of 4

*and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page

on the court's website at the address [www.nycourts.gov/supctmanh]).

The foregoing constitutes the decision and order of the Court.

| 3/6/2026 | | | | |
|----------|---|---|---|---|
| **DATE** | | | HON. LESLIE A. STROTH **J.S.C.** | |
| **CHECK ONE:** | | CASE DISPOSED | X NON-FINAL DISPOSITION | |
| | X | GRANTED | ☐ DENIED | GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | | SETTLE ORDER | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

[* 4]