Sam Dicenzo, as Administrator of the Estate of Albert Dicenzo, Deceased, Respondent, v. New York Shovel & Crane Corp., Appellant, et al., Defendants.— On April 13, 1949, decedent, an oiler-chauffeur in the employ of Charles F. Vachris, Inc., was crushed between the back of a cranehouse cab and the back of a truck cab during the operation of a crane by one Salvante, an officer of defendant New York Shovel & Crane Corp. In this action to recover for the personal injuries suffered before death, and for the wrongful death as a result of the accident, said defendant appeals from a judgment, entered on the verdict of a jury in favor of plaintiff, as amended. Amended judgment reversed on the law, with costs, and amended complaint dismissed, with costs. If said judgment were not being reversed, the findings of fact implicit in the verdict would be affirmed. Beginning March 30, 1949, Vachris rented from appellant on a monthly basis a rig (i.e., a revolving crane mounted on a truck) without a crew, which consisted of a crane operator and an oiler-chauffeur. There is no testimony that appellant required Vachris to hire one of its officers to operate the crane. There is testimony that, at Vachris' request, one of appellant's officers did operate the crane during the rental period. It is undisputed that from the time Salvante (the crane operator, who was appellant's treasurer) began to operate the crane on the Vachris job, he was on Vachris' payroll, and that he was carried on Vachris' unemployment insurance, social security, and workmen's compensation rolls. Vachris was required to pay for the fuel and oil and to make major repairs, Salvante making the necessary minor repairs. Decedent, the oiler-chauffeur, had no connection with appellant whatever. In our opinion, this evidence showed that Salvante was an employee of Vachris at the time of the accident and not an employee of appellant. (Burton v. American Bridge Co., 297 N. Y. 993.) While it is true that it was to appellant's interest that Salvante operate the crane in order to preserve its life, the decisive factor is that appellant agreed merely to rent the crane to Vachris. At most appellant may have supplied Vachris with a servant to work in Vachris' business. But appellant did not agree to do the operating of the crane for Vachris through the agency of one of appellant's employees. (See Irwin v. Klein, 271 N. Y. 477, 486.) In

any event, there was no proof that Salvante was negligent in the operation of the crane. It is undisputed that decedent was crushed on the second movement of the crane that morning, i.e., from the position of the crane at a right angle to the rig chassis, as the cranehouse swung to the right to unload the skid and forms into a waiting truck. There is no claim that the crane operator could have seen decedent at any point during the swing. The noise of the cranehouse motor was sufficient notice to everyone in the vicinity of the crane that it was in operation. After the crane had commenced operations, it was not necessary to give a special warning to persons who might be in the vicinity of the cranehouse every time the crane was required to swing. Carswell, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur.