■ BEN SZAREWICZ, Respondent, v ALBORO CRANE RENTAL CORP., Appellant, et al., Defendant. (and Other Actions.)—Interlocutory judgment, Supreme Court, Kings County, entered May 9, 1975, in favor of plaintiff as against defendant Alboro Crane Rental Corp., on the issue of liability, unanimously reversed, on the law, and vacated, the complaint dismissed and the action severed as to defendant-appellant. Appellant shall recover of respondent $60 costs and disbursements of this appeal. Plaintiff, a structural steel worker, employed by Harrod Steel Erectors, was injured when he was knocked off a steel beam. It is claimed that the accident was caused by the negligence of a certain crane operator. The crane itself was owned by Alboro and was leased to Harrod. One of the major issues involved in the case was whether a relationship of employer-employee existed between the crane operator and Alboro. Based upon the entire record we conclude that there was a failure of proof in that respect and, accordingly, the complaint should have been dismissed. First, it is clear that the operator of the crane was never a general employee of Alboro. While there was a prior relationship between Alboro and the operator, he was never on Alboro's payroll and it appears that as an experienced crane operator he was merely informed of jobs in which the crane was to be used, either through a union or, as in this case, through Alboro. Such practice was apparently followed because only qualified persons were permitted to operate the type of crane herein involved. Nor can liability be predicated either on the rental agreement between Alboro and Harrod or on the theory that Alboro controlled the operator. The rental agreement provided only for the leasing of the equipment itself and not for operating personnel. Indeed, it does not appear that Alboro even had engineers or operators in its employ and, while there was some evidence indicating that Alboro dispatched the operator, such was done only as a matter of convenience to Harrod. Nor was there evidence indicating that Alboro had any control over the crane operator. Not only was the operator carried on Harrod's payroll, but Alboro had no right to

hire or discharge him. Furthermore, it appears that according to both the custom and usage in the trade and the actual practice on the job at the time of the accident, supervision of the crane operator and the details of his work was solely in the hands of Harrod. In sum, as said in *Dicenzo v New York Shovel & Grain Corp.,* (282 App Div 741, affd. 308 NY 871): "While it is true that it was to appellant's interest that Salvante operate the crane in order to preserve its life, the decisive factor is that appellant agreed merely to rent the crane to Vachris. At most appellant may have supplied Vachris with a servant to work in Vachris' business. But appellant did not agree to do the operating of the crane for Vachris through the agency of one of appellant's employees." Concur—Markewich, J. P., Murphy, Lupiano, Tilzer and Lynch, JJ.