■ JOSEPH ZAFFUTO et al., Appellants, v NEW LIFE COMMUNITY CHURCH et al., Defendants, and CHARLES E. S. MCLEOD, INC., Respondent. (And Third-Party Actions.)—In consolidated actions to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Cannavo, J.), entered December 9, 1988, which granted the motion of the defendant Charles E. S. McLeod, Inc., for leave to serve an amended answer.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The plaintiff Joseph Zaffuto, a construction worker, sustained injuries when the ladder upon which he was standing was knocked over due to the allegedly negligent operation of a crane owned by the defendant Charles E. S. McLeod, Inc. (hereinafter McLeod). Approximately three years after the service of its answer, McLeod moved to amend its answer to withdraw the admission that its employees were on the construction site on the date of the accident. In support of this application, the corporate president alleged that McLeod had leased the crane to Turnkey Construction Co. (hereinafter Turnkey), and, pursuant to the terms of the rental agreement, the lessee had assumed full responsibility for the operation and control of the crane.

The relationship between the lessor and lessee of heavy machinery is not that of principal and agent or master and servant. Rather, the lessee is an independent contractor. Absent evidence of an employer-employee relationship between the crane operator and the lessor, the lessor is not liable for injury to a third person resulting from the negligent acts of the lessee or the lessee's employees *(see, Szarewicz v Alboro Crane Rental Corp.,* 50 AD2d 770, *affd* 40 NY2d 1076; *Dicenzo v New York Shovel & Crane Corp.,* 282 App Div 741, *affd* 308 NY 871; *see generally,* 9 NY Jur 2d, Bailments & Chattel Leases, § 123; *cf.,* Annotation, *Liability under respondeat superior doctrine for acts of operator furnished with leased machine or motor vehicle,* 17 ALR2d 1388). By the time McLeod impleaded Turnkey and moved to amend its answer to withdraw its admission, the Statute of Limitations would have barred an action by the plaintiffs against the lessee *(see,*

*Liverpool v Arverne Houses,* 67 NY2d 878). The plaintiffs had no reason to believe that the admission was erroneous. The granting of McLeod's motion would leave the plaintiffs remediless as to the lessee mentioned by McLeod. Under the circumstances, the prejudice to the plaintiffs that would result from McLeod's inexcusably belated motion to amend its answer is so manifest that the motion should have been denied *(see, Pefanis v Long,* 114 AD2d 806, *appeal dismissed* 67 NY2d 647; *Souchu v Hass Co.,* 81 AD2d 884; *Kennedy v Calta,* 70 AD2d 930; *Griffin v Columbia Univ.,* 51 AD2d 896). Kunzeman, J. P., Rubin, Eiber and Miller, JJ., concur.