■ Constance MacKenzie, Appellant, v City of New York, Defendant/Third-Party Plaintiff/Second Third-Party Plaintiff-Respondent. Norman Bruce Frankfort, Third-Party Defendant-Appellant, et al., Third-Party Defendant, et al., Second Third-Party Defendants. [4 NYS3d 110]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Ash, J.), dated November 28, 2012, as granted the defendant's motion for leave to amend its answer, and the third-party defendant Norman Bruce Frankfort separately appeals, as limited by his brief, from so much of the same order as denied his separate motion for summary judgment dismissing the third-party complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff's decedent (hereinafter the decedent) was walking on Brighton 3rd Road in Brooklyn, the street on which she lived, when she allegedly fell on a defect in the roadway and was injured. At her deposition, the decedent testified that she was forced to walk on the street, rather than on the sidewalk, because the sidewalk abutting the property owned by the third-party defendant Norman Bruce Frankfort was not cleared of snow and ice.

The plaintiff commenced the instant action against the City of New York to recover damages for personal injuries, alleging, inter alia, that the City owned Brighton 3rd Road. In its answer, the City denied that allegation, "except that with respect to those portions of the street . . . referred to in the complaint which were or may have been owned by the [City], defendant had such duties as were imposed by law."

The City subsequently commenced a third-party action against Frankfort, among others. Frankfort moved for summary judgment dismissing the third-party complaint insofar as asserted against him, and the City separately moved for leave to amend its answer so as to unequivocally deny its ownership of Brighton 3rd Road. The Supreme Court denied Frankfort's motion and granted the City's motion.

Frankfort failed to demonstrate his prima facie entitlement to judgment as a matter of law dismissing the third-party complaint insofar as asserted against him. By submitting a transcript of the decedent's deposition testimony, as described above, Frankfort revealed the existence of triable issues of fact as to whether his failure to clear his sidewalk of snow and ice was a proximate cause of the decedent's accident. In particular, "the question whether a reasonably prudent person should

have anticipated the consequences which followed [such failure] is a question to be determined by a jury" (*Morris v Nacmias*, 245 AD2d 432, 434 [1997]; *see O'Neill v City of Port Jervis*, 253 NY 423, 433 [1930]; *Ryan v Gordon L. Hayes, Inc.*, 22 AD2d 985 [1964], *affd* 17 NY2d 765 [1966]; *cf. Akinola v Palmer*, 98 AD3d 928 [2012]). Accordingly, Frankfort's motion for summary judgment dismissing the third-party complaint insofar as asserted against him was properly denied, without regard to the sufficiency of the opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The Supreme Court providently granted the City's motion for leave to amend its answer. In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted, unless the proposed amendment is palpably insufficient or patently devoid of merit (*see* CPLR 3025 [b]; *Lauder v Goldhamer*, 122 AD3d 908 [2014]; *Postiglione v Castro*, 119 AD3d 920 [2014]). Contrary to the plaintiff's contention, the City did not admit ownership of Brighton 3rd Road in its answer, and, within the applicable limitations period, the plaintiff's decedent, who lived on Brighton 3rd Road, had notice of facts that would have given her reason to believe that the City might not own the subject road (*cf. Zaffuto v New Life Community Church*, 161 AD2d 640 [1990]). Thus, it cannot be said that the City's proposed amendment resulted in prejudice or surprise to the plaintiff (*cf. Stow v City of New York*, 122 AD2d 45 [1986]). Moreover, the plaintiff was not left without a remedy by virtue of the amendment. Even if the City proves at trial that it did not own the subject road, the plaintiff can still pursue her action against the City on the theory espoused in the bill of particulars, i.e., that the City created the dangerous condition in the roadway. Finally, contrary to the plaintiff's contention, the amendment was not palpably insufficient or patently devoid of merit (*see Lauder v Goldhamer*, 122 AD3d 908 [2014]). Skelos, J.P., Austin, Roman and LaSalle, JJ., concur.