Adduci v 1829 Park Place, LLC (2019 NY Slip Op 07041)





Adduci v 1829 Park Place, LLC


2019 NY Slip Op 07041


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JOSEPH J. MALTESE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-08923
 (Index No. 510106/15)

[*1]Joseph Adduci, respondent, 
v
1829 Park Place, LLC, appellant.


Law Office of Samuel Katz, PLLC, Brooklyn, NY, for appellant.
Isaacson, Schiowitz & Korson, LLP, Rockville Centre, NY (Jeremy Schiowitz of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated May 8, 2018. The order denied the defendant's motion for leave to amend its answer, and thereupon, to dismiss the complaint pursuant to CPLR 3211(a)(1) or, in the alternative, for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On June 20, 2014, the plaintiff allegedly was injured when the ceiling of a building in Brooklyn (hereinafter the subject premises) collapsed onto him. On August 17, 2015, the plaintiff commenced this action against the defendant, alleging that it was the owner of the subject premises at the time of the accident. In its answer filed on October 2, 2015, the defendant admitted the plaintiff's allegation that it was the owner of the subject premises at the time of the accident.
On January 16, 2018, more than 27 months after answering the complaint and well after the expiration of the 3-year statute of limitations governing the plaintiff's action (see CPLR 214[5]), the defendant moved for leave to amend its answer to deny that it was the owner of the subject premises at the time of the accident. In the event that the amendment was allowed, the defendant further sought dismissal of the complaint pursuant to CPLR 3211(a)(1) or, in the alternative, summary judgment dismissing the complaint. In an affirmation in support of the motion, the defendant's attorney stated that he had become aware that the defendant did not acquire ownership of the subject premises until March 5, 2015, approximately eight months after the plaintiff's accident. The defendant submitted a copy of a deed substantiating this transfer, which was recorded in the Office of the City Register on April 17, 2015. The plaintiff opposed the motion, arguing that he would be unfairly prejudiced by the defendant's delay in seeking the amendment. The Supreme Court denied the defendant's motion. The defendant appeals, and we affirm.
We agree with the Supreme Court's determination to deny that branch of the defendant's motion which was for leave to amend its answer. "Applications for leave to amend pleadings under CPLR 3025(b) should be freely granted unless the proposed amendment (1) would unfairly prejudice or surprise the opposing party, or (2) is palpably insufficient or patently devoid [*2]of merit" (Maldonado v Newport Gardens, Inc., 91 AD3d 731, 731-732; see RCLA, LLC v 50-09 Realty, LLC, 48 AD3d 538). A motion for leave to amend is committed to the broad discretion of the court (see Ravnikar v Skyline Credit-Ride, Inc., 79 AD3d 1118, 1119). "In exercising its discretion, the court should consider how long the party seeking the amendment was aware of the facts upon which the motion was predicated [and] whether a reasonable excuse for the delay was offered" (Cohen v Ho, 38 AD3d 705, 706; see American Cleaners, Inc. v American Intl. Specialty Lines Ins. Co., 68 AD3d 792, 794). Here, since the statute of limitations has expired, the defendant's delay in seeking the proposed amendment would cause unfair prejudice to the plaintiff. Moreover, the defendant did not offer any evidence as to how long it was aware of its erroneous admission prior to filing its motion to amend, nor did it establish a reasonable excuse for its delay (see Yong Soon Oh v Hua Jin, 124 AD3d 639, 641; Zaffuto v New Life Community Church, 161 AD2d 640, 640; cf. MacKenzie v City of New York, 125 AD3d 819, 821).
The defendant's remaining contentions have been rendered academic in light of our determination.
LEVENTHAL, J.P., MALTESE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court