◼ Joy Annexstein, Respondent, v Norman Annexstein, Appellant. (Appeal No. 1.) [609 NYS2d 131] —Order unanimously

affirmed with costs. Memorandum: As limited by his brief, defendant husband appeals from that portion of an intermediate order that directed defendant to pay pendente lite maintenance of $500 per week and child support of $725 per week, as well as all expenses related to the marital residence and the Roslyn rental property; ordered defendant to pay plaintiff $15,000 in pendente lite expert fees; denied defendant's motion for disclosure of plaintiff's medical and psychiatric records; and denied defendant's request for a hearing to determine whether documents obtained by plaintiff's former attorneys should be excluded from use by plaintiff in the matrimonial action.

We note that the proper remedy for an allegedly inequitable pendente lite award is a speedy trial (see, Marohn v Marohn, 157 AD2d 771, 772; Tillinger v Tillinger, 141 AD2d 535, 535-536). In any event, the court's award of pendente lite relief was not inequitable. The court properly considered the following factors: the duration of the marriage, defendant's assets and income, plaintiff's lack of employment, the opulence of the marital life-style, the fact that defendant had been making substantial payments toward the needs of plaintiff and the children, and, finally, the extreme hostility between the parties and the consequent possibility that defendant might terminate his voluntary payments.

The award of $15,000 in pendente lite expert's fees was not an abuse of discretion. The application was supported by affidavits of valuation experts setting forth in detail the nature of the marital property to be appraised, the difficulty in evaluating that property, and the anticipated high cost of the appraisal services to be rendered (cf., Bernstein v Bernstein, 143 AD2d 168; Coppola v Coppola, 129 AD2d 760, 762; Ahern v Ahern, 94 AD2d 53, 58).

Neither did the court abuse its discretion in denying defendant's request for production of plaintiff's medical and psychiatric records. The court has broad discretion to supervise disclosure to prevent unreasonable annoyance, expense, embarrassment, disadvantage or other prejudice (see generally, CPLR 3103 [a]; Wegman v Wegman, 37 NY2d 940; Rosenblitt v Rosenblitt, 107 AD2d 292, 294). Moreover, the court did not err in denying defendant's request to "suppress" certain financial records. Because the court's ruling was without prejudice, it remains for defendant to object to admission of specific documents at trial on the ground of attorney-client privilege. (Appeal from Order of Supreme Court, Nassau County, Morri-

son, J.—Temporary Support.) Present—Denman, P. J., Pine, Lawton, Callahan and Davis, JJ.