■ SUSAN GELLER, Appellant, v MARTIN GELLER, Respondent. [660 NYS2d 21] —In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Milano, J.), dated December 12, 1996, as denied her motion for leave to depose the defendant.

Ordered that the order is affirmed insofar as appealed from, with costs.

Although broad financial disclosure is necessary and required in a matrimonial action (*see*, Domestic Relations Law § 236 [B] [4]; *De La Roche v De La Roche*, 209 AD2d 157, 158; *Gellman v Gellman*, 160 AD2d 265, 267), the trial court is also vested with "broad discretion to supervise disclosure to prevent unreasonable annoyance, expense, embarrassment, disadvantage or other prejudice" (*Annexstein v Annexstein*, 202 AD2d 1060, 1061; *see, Hirschfeld v Hirschfeld*, 69 NY2d 842, 844). Under the circumstances of the instant case, we conclude that the court properly exercised its discretion in denying the plaintiff's present motion for leave to depose the defendant, as the record firmly supports the court's conclusion that the plaintiff has used discovery as "a tool for harassment [and] financial waste". Mangano, P. J., Ritter, Sullivan, Altman and McGinity, JJ., concur.