■ EBER BROS. WINE & LIQUOR CORP. et al., Appellants, v IAN RIBOWSKY et al., Respondents. [675 NYS2d 284] —In an action, *inter alia,* to recover damages for conversion, the plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered August 18, 1997, which denied their motion, *inter alia,* to hold the defendants Michael Shaw and Gallo Wine Distributors, Inc., d/b/a Premier Wine and Spirits, Inc., in contempt of court for violating a stipulation of settlement entered into in open court on June 10, 1997, and (2) an order of the same court entered September 5, 1997, which denied the plaintiffs' motions, *inter alia,* to hold the defendants in contempt of court for violating the stipulation of settlement.

Ordered that the orders are affirmed, with one bill of costs.

We agree with the Supreme Court that the plaintiffs did not submit any proof, but merely conclusory allegations, that the defendants used confidential information in obtaining the subject suppliers as clients. Specifically, the record is devoid of any proof that the defendants "use[d] confidential information in" contacting or soliciting those suppliers, or "use[d] * * * information" belonging to the plaintiffs "set forth in the reports identified in paragraph 19 of the Verified Complaint", in violation of the stipulation of settlement entered into in open court on June 10, 1997, prohibiting such conduct (see, Bay Parkway Super Clean Car Wash v Accurate Auto Repair, 220 AD2d 549, 550, citing Matter of McCormick v Axelrod, 59 NY2d 574, 583, amended on other grounds 60 NY2d 652).

The remaining contentions of the plaintiffs are either unpreserved for appellate review or without merit. Rosenblatt, J. P., O'Brien, Krausman and Goldstein, JJ., concur.