■ EBER BROS. WINE & LIQUOR CORP. et al., Respondents, v IAN RIBOWSKY et al., Appellants. [698 NYS2d 725] —In an action, *inter alia,* to recover damages for conversion, the defendants appeal (1) from an order of the Supreme Court, Westchester County (Nicolai, J.), entered March 24, 1998, which granted the plaintiffs' motion to compel disclosure and denied their cross motion to strike the notice to produce and for a protective order, and (2), as limited by their brief, from so much of an order of the same court, entered July 29, 1998, as, upon granting reargument, adhered to the prior determination.

Ordered that the appeal from the order entered March 24, 1998, is dismissed; and it is further,

Ordered that the order entered July 29, 1998, is reversed

insofar as appealed from, the motion is denied, and the cross motion is granted; and it is further,

Ordered that one bill of costs is awarded to the appellants.

On June 10, 1997, the parties entered into a stipulation of settlement in open court in which the defendants agreed not to use confidential information obtained from the plaintiffs, their former employers, to solicit business from certain of the plaintiffs' wine suppliers for an 18-month period. Subsequently, the plaintiffs moved on three separate occasions in July and August 1997 seeking to hold the defendants in contempt for violating the terms of the stipulation of settlement with respect to three wine suppliers. The motions were denied in August and September 1997 for lack of proof, and the denials were affirmed by decision and order of this Court (*see, Eber Bros. Wine & Liq. Corp. v Ribowsky,* 252 AD2d 513).

After the denial of their motions to hold the defendants in contempt, the plaintiffs moved in November 1997 to compel the production of documents pertaining to the alleged breaches of the stipulation of settlement. The defendants cross-moved, *inter alia,* for a protective order. In the orders appealed from the court granted the motion and denied the cross motion. We reverse.

The court has broad discretion to supervise disclosure to prevent unreasonable annoyance, expense, embarrassment, disadvantage or other prejudice (*see generally,* CPLR 3103 [a]; *Wegman v Wegman,* 37 NY2d 940; *Annexstein v Annexstein,* 202 AD2d 1060). The plaintiffs' previous motions to hold the defendants in contempt were denied due to the absence of evidence to support the allegations that confidential information was used to obtain the suppliers' business; rather, the evidence established that the defendants obtained the orders from the wine suppliers because of longstanding business and personal relationships. Under these circumstances, it was an abuse of discretion to grant the broad discovery requested by the plaintiffs. O'Brien, J. P., Friedmann, H. Miller and Smith, JJ., concur.