■ RANDI BYCK, Respondent, v DAVID BYCK, Appellant. [728 NYS2d 95] —In an action for a divorce and ancillary relief, the husband appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Nassau County (Falanga, J.), entered August 2, 2000, which, *inter alia,* precluded him from obtaining any additional discovery, except as specified in a so-ordered stipulation dated April 13, 2000.

Ordered that the order is affirmed insofar as appealed from, with costs.

We disagree with the husband's contention that he is entitled to an equitable distribution of the appreciation of the wife's minority interest in her separate property, consisting of shares in a family business founded by the wife's parents prior to the commencement of the marriage that were gifted to her. Thus, the Supreme Court properly ruled that the husband is not entitled to the additional discovery he seeks.

"Domestic Relations Law § 236 (B) (1) (d) (3) defines 'separate property' in relevant part as 'the increase in value of separate property, except to the extent that such appreciation is due in part to the contributions or efforts of the other spouse'. In order to obtain equitable distribution of the appreciation in value of the wife's separate property, the husband [is] required to demonstrate the manner in which his contributions resulted in the increase in value and the amount of the increase that was attributable to his efforts" (*Pauk v Pauk,* 232 AD2d 386, 391; *see, Mutt v Mutt,* 242 AD2d 612). The husband, relying only on conclusory allegations, failed to sustain his burden (*see, Pauk v Pauk, supra; Elmaleh v Elmaleh,* 184 AD2d 544; *Fitzgibbon v Fitzgibbon,* 161 AD2d 619).

The husband's remaining contentions are without merit. Altman, J. P., H. Miller, Smith and Cozier, JJ., concur.