■ RANDI BYCK, Respondent, v DAVID BYCK, Appellant. [743 NYS2d 126] —Motion by the appellant for reargument of a decision and order of this Court dated July 23, 2001, which affirmed an order of the Supreme Court, Nassau County, entered August 2, 2000 (*see Byck v Byck,* 285 AD2d 577).

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted, the decision and order of this Court dated July 23, 2001, is recalled and vacated, and the following decision and order is substituted therefor:

In an action for a divorce and ancillary relief, the husband appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Nassau County (Falanga, J.), entered August 2, 2000, which, inter alia, precluded him from obtaining any additional discovery, except as specified in a so ordered stipulation dated April 13, 2000.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff wife filed for a divorce in September 1999 on the grounds of adultery and cruel and inhuman treatment. The parties entered into a so ordered stipulation on April 13, 2000, which stated, inter alia, that the wife would provide the husband with copies of the tax returns of Zimco Optics, Inc. (hereinafter Zimco), for the years 1996, 1997, 1998, and 1999. During the marriage, the wife acquired a 13% minority interest in Zimco, a family owned optics business, through a gift of shares from her parents.

In May 2000, the husband moved, inter alia, for additional discovery regarding the wife's interest in Zimco. Specifically, the husband maintained, among other things, that he had been employed by Zimco during the marriage and made valuable contributions to the company, such that he was entitled to equitable distribution of the appreciation in the wife's business interest.

The Supreme Court, inter alia, precluded the husband from obtaining any additional discovery, except as specified in the so ordered stipulation.

CPLR 3101 (a) provides that "[t]here shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof." Although CPLR 3101 (a) is to be liberally construed "to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity" (*see Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406), the Supreme Court has broad discretion to supervise discovery to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice (*see* CPLR 3103 [a]; *Eber Bros. Wine & Liq. Corp. v Ribowsky,* 266 AD2d 499; *Geller v Geller,* 240 AD2d 539; *Annexstein v Annexstein,* 202 AD2d 1060).

The husband consented to limit the scope of disclosure by entering into the so ordered stipulation and is therefore bound by its terms (*see* CPLR 2104). Further, it appears that the request for additional further disclosure was an attempt to harass or delay, as the husband has received substantial discovery. Accordingly, the Supreme Court providently exercised its discretion in precluding the husband from obtaining any additional discovery.

The husband's remaining contentions are without merit. Altman, J.P., Smith, H. Miller and Cozier, JJ., concur.