■ BAERBEL G. OBERMUELLER, Respondent, v REINHARD W. OBERMUELLER, Appellant. [808 NYS2d 323]—

In an action for a divorce and ancillary relief, the defendant husband appeals from an order of the Supreme Court, Suffolk County (Rebolini, J.), dated February 9, 2005, which granted the plaintiff's motion, in effect, for a protective order against the defendant's notice pursuant to CPLR 3121 to the plaintiff to submit to a vocational assessment.

Ordered that the order is affirmed, with costs.

The Supreme Court providently granted the plaintiff's motion, in effect, for a protective order. Although broad financial disclosure is necessary and required in a matrimonial action, the trial court is also vested with "broad discretion to supervise disclosure to prevent unreasonable annoyance, expense, embarrassment, disadvantage or other prejudice" (*Geller v Geller*, 240 AD2d 539 [1997], quoting *Annexstein v Annexstein*, 202 AD2d 1060, 1061 [1994]). The plaintiff, who is now approximately 60 years of age, never worked outside the home in this more than 28-year marriage. The defendant served a notice pursuant to CPLR 3121 to the plaintiff to submit to a vocational assessment. Under the circumstances of this case, including the fact that the defendant simultaneously sought discovery through other CPLR article 31 devices, which discovery had not been completed when the plaintiff's motion was made, the plaintiff's motion, in effect, for a protective order was appropriately granted to prevent unreasonable annoyance and expense to the plaintiff.

The defendant's remaining contentions are without merit. Crane, J.P., Luciano, Skelos and Lifson, JJ., concur.