■ Marilyn C. Onderdonk Youngquist, Plaintiff, v Mark N. Youngquist, Defendant. In the Matter of Charles David Butler II, Respondent, v Marilyn C. Youngquist, Appellant. [845 NYS2d 787]—

In an action for a divorce and ancillary relief, and a related proceeding to establish paternity pursuant to Family Court Act article 5, the mother appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Suffolk County (Bivona, J.), dated August 30, 2006, which, inter alia, denied her motion to compel a deposition of the putative father, to stay a hearing on the issue of equitable estoppel pending that deposi-

tion, to stay "all DNA testing in this action," and to stay the examination of existing DNA test results and, in effect, directed a hearing to aid in the disposition of that branch of the putative father's cross motion which was for an award of sanctions pursuant to 22 NYCRR 130-1.1.

Ordered that the appeal from so much of the order as, in effect, directed a hearing to aid in the disposition of that branch of the putative father's cross motion which was for an award of sanctions pursuant to 22 NYCRR 130-1.1 is dismissed; and it is further,

Ordered that the appeal from so much of the order as denied those branches of the mother's motion which were to stay a hearing on the issue of equitable estoppel pending a deposition of the putative father and to stay "all DNA testing in this action" is dismissed, as academic; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The Supreme Court has broad discretion to supervise discovery to "prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice" (CPLR 3103 [a]; see Byck v Byck, 294 AD2d 456 [2002]; Eber Bros. Wine & Liq. Corp. v Ribowsky, 266 AD2d 499 [1999]; Richards v Pathmark Food Store, 112 AD2d 360 [1985]). In this case, the Supreme Court providently exercised its discretion in denying that branch of the mother's belated motion which sought to compel a deposition of the putative father on matters that were irrelevant to the upcoming hearing on the limited issue of equitable estoppel.

That portion of the order appealed from which, in effect, directed a hearing to aid in the disposition of that branch of the putative father's cross motion which was for an award of sanctions pursuant to 22 NYCRR 130-1.1 is not appealable as of right, as it did not dispose of that branch of the cross motion and did not affect a substantial right (see CPLR 5701 [a] [2] [v]; Espie v Murphy, 35 AD3d 346 [2006]; Kornblum v Kornblum, 34 AD3d 749 [2006]; Matter of Steinberg, 289 AD2d 337 [2001]), and leave to appeal has not been granted.

During the pendency of this appeal, the hearing on the issue of equitable estoppel was completed. Therefore, the appeal from so much of the order as denied that branch of the mother's motion which was to stay the hearing has been rendered academic (see Warren v Mikle, 40 AD3d 974 [2007]). Moreover, the record reveals that all DNA testing relevant to the paternity proceeding has already been conducted. Thus, the appeal from so much

of the order as denied that branch of the mother's motion which was to stay "all DNA testing in this action" is academic (cf. Zafran v Zafran, 28 AD3d 752 [2006]).

The mother's remaining contentions are unpreserved for appellate review or without merit. Prudenti, P.J., Fisher, Dillon and Dickerson, JJ., concur.