■ STEPHEN RAVNIKAR, Appellant, v SKYLINE CREDIT-RIDE, INC., Respondent. JAMES OROZCO, Nonparty Appellant. [895 NYS2d 866]—In an action, inter alia, to recover damages for tortious interference with prospective economic advantage, the plaintiff and nonparty James Orozco appeal, as limited by their brief, from (1) stated portions of an order of the Supreme Court, Richmond County (Maltese, J.), dated July 8, 2008, which, among other things, denied those branches of the plaintiff's cross motion which were pursuant to CPLR 3124 to compel the production of certain documents and pursuant to CPLR 3025 (b) for leave to amend the complaint, and (2) so much of an order of the same court dated December 5, 2008, as denied that branch of the plaintiff's motion which was for leave to renew his prior cross motion, and the plaintiff appeals from (3) an order of the same court dated December 29, 2008, which denied his motion to strike the defendant's answer pursuant to CPLR 3126 and for summary judgment.

Ordered that the matter is remitted to the Supreme Court, Richmond County, for clarification of the order dated July 8, 2008, with respect to the issue of contempt, and the appeals are held in abeyance. The Supreme Court shall file its report with all convenient speed (*see Glickman v Sami*, 146 AD2d 671 [1989]).

Among other things, the defendant moved to hold nonparty James Orozco in contempt pursuant to Judiciary Law § 756, based on Orozco's alleged disobedience of a subpoena duces

tecum. In its order dated July 8, 2008, the Supreme Court mischaracterized the motion as one seeking to hold the plaintiff's attorney in contempt, and granted that relief, which was not requested. In addition, the Supreme Court stated that the plaintiff was held in contempt as well. The Supreme Court did not address the merits of the motion with respect to nonparty Orozco. Under the circumstances, we deem it appropriate to remit the matter to the Supreme Court, Richmond County, for a clarification of the order dated July 8, 2008, with respect to the issue of contempt. Rivera, J.P., Miller, Leventhal and Chambers, JJ., concur.