STEPHEN RAVNIKAR, Appellant, v SKYLINE CREDIT-RIDE, INC., Respondent. JAMES OROZCO, Nonparty Appellant. [913 NYS2d 339]—

In an action, inter alia, to recover damages for tortious interference with prospective economic advantage, the plaintiff and nonparty James Orozco appeal, as limited by their brief, from (1) stated portions of an order of the Supreme Court, Richmond County (Maltese, J.), dated July 8, 2008, which, among other things, denied those branches of the plaintiff's cross motion which were pursuant to CPLR 3124 to compel the production of certain documents and pursuant to CPLR 3025 (b) for leave to amend the complaint, and determined the defendant's motion with respect to the issue of contempt, and (2) so much of an order of the same court dated December 5, 2008, as denied that branch of the plaintiff's motion which was for leave to renew his prior cross motion, and the plaintiff appeals from (3) an order of the same court dated December 29, 2008, which denied his motion to strike the defendant's answer pursuant to CPLR 3126 and for summary judgment. By decision and order dated March 16, 2010, this Court remitted the matter to the Supreme Court, Richmond County, for clarification of the order dated July 8, 2008, with respect to the issue of contempt, and the appeals were held in abeyance in the interim (see

*Ravnikar v Skyline Credit-Ride, Inc.*, 71 AD3d 859 [2010]). The Supreme Court has filed its report. Justice Florio has been substituted for former Justice Howard Miller (*see* 22 NYCRR 670.1 [c]).

Ordered that the orders dated July 8, 2008, and December 5, 2008, are affirmed insofar as appealed from; and it is further,

Ordered that the order dated December 29, 2008, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The Supreme Court providently exercised its discretion in denying that branch of the plaintiff's cross motion which was to compel production of certain documents. The Supreme Court has broad discretion to supervise disclosure to prevent unreasonable annoyance, expense, embarrassment, disadvantage or other prejudice (*see* CPLR 3103 [a]; *Wegman v Wegman*, 37 NY2d 940 [1975]; *Byck v Byck*, 294 AD2d 456 [2002]; *Eber Bros. Wine & Liq. Corp. v Ribowsky*, 266 AD2d 499 [1999]). The plaintiff's demands were overly broad, vexatious, and tended to confuse, rather than sharpen, the central issues (*see Brandes v North Shore Univ. Hosp.*, 1 AD3d 550 [2003]).

The Supreme Court providently exercised its discretion in denying the plaintiff's separate motion to strike the answer pursuant to CPLR 3126 for spoliation of evidence and failure to respond to discovery, and for summary judgment. There was no showing that the defendant willfully or contumaciously failed to comply with court-ordered disclosure (*see* CPLR 3126; *Hollymount Corp. v Park Corp.*, 300 AD2d 444 [2002]). "A defendant who destroys documents in good faith and pursuant to normal business practice should not be sanctioned unless the defendant is on notice that the evidence might be needed for future litigation" (*Lawrence Ins. Group v KPMG Peat Marwick*, 5 AD3d 918, 920 [2004]; *see Ripepe v Crown Equip. Corp.*, 293 AD2d 462 [2002]; *New York Cent. Mut. Fire Ins. Co. v Turnerson's Elec.*, 280 AD2d 652 [2001]).

While leave to amend a pleading shall be freely granted (*see* CPLR 3025 [b]), a motion for leave to amend is committed to the broad discretion of the trial court (*see Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]; *Mohammed v City of New York*, 242 AD2d 321 [1997]), and the resulting determination "will not lightly be set aside" (*Beuschel v Malm*, 114 AD2d 569, 569 [1985]). The Supreme Court reasonably found that the addition of 12 causes of action alleging new and distinct acts of alleged retaliation would undoubtedly prejudice the defendant at this late stage of the litigation. Moreover, the plaintiff failed to explain his delay in seeking leave to amend the

complaint. Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the cross motion (*see Trans-World Trading, Ltd. v North Shore Univ. Hosp. at Plainview*, 64 AD3d 698 [2009]; *Napoli v Canada Dry Bottling Co. of N.Y.*, 166 AD2d 696 [1990]; *Beuschel v Malm*, 114 AD2d 569 [1985]).

The Supreme Court providently exercised its discretion in denying the plaintiff's motion for leave to renew his prior cross motion, since the plaintiff failed to set forth a reasonable justification for his failure to present the alleged new facts on the prior cross motion (*see* CPLR 2221 [e]; *NYCTL 1999-1 Trust v Surf Coney Is., Inc.*, 63 AD3d 1023 [2009]; *O'Connell v Post*, 27 AD3d 631 [2006]).

Given the plaintiff's failure to appear for continued deposition by the date set by the Supreme Court, and the history of this action, the imposition of sanctions upon the plaintiff pursuant to CPLR 3126 was appropriate (*see Carbajal v Bobo Robo, Inc.*, 38 AD3d 820 [2007]; *Makris v Westchester County*, 21 AD3d 931 [2005]).

Finally, in response to this Court's earlier remittal of the matter (*see Ravnikar v Skyline Credit-Ride, Inc.*, 71 AD3d 859 [2010]), the report of the Supreme Court clarified that, in the order dated July 8, 2008, it intended to hold only nonparty James Orozco in contempt for his failure to appear for a deposition, and further stated that the contempt has since been purged. Inasmuch as enduring consequences potentially flow from an order adjudicating a party in civil contempt, an appeal from a contempt adjudication is not rendered academic when the contempt is purged (*see Matter of Bickwid v Deutsch*, 87 NY2d 862 [1995]; *Matter of Er-Mei Y.*, 29 AD3d 1013 [2006]; *Chamberlain v Chamberlain*, 24 AD3d 589 [2005]). The finding of contempt based upon Orozco's refusal to appear for a subpoenaed deposition was appropriate (*see* Judiciary Law § 753 [A] [5]; *Matter of McCormick v Axelrod*, 59 NY2d 574, 583 [1983]; *Bell v White*, 55 AD3d 1211 [2008]). Rivera, J.P., Florio, Leventhal and Chambers, JJ., concur.