OPINION OF THE COURT
Memorandum.
Ordered that the order is modified by providing that defendant’s motion to dismiss the complaint is denied; as so modified, the order is affirmed, without costs.
In his complaint, plaintiff alleged that he had used a charge card which had been issued to him by defendant to make a $10,000 down payment toward the purchase of an exotic collectible motor vehicle which was being sold on eBay. Plaintiff further asserted that, shortly after making the down payment, he had become aware of misrepresentations the seller had made about the title, mileage, and vehicle identification number of the car, which misrepresentations negatively affected its value. He stated that he had notified the seller of his decision not to purchase the car, and that the seller had agreed to return the $10,000 deposit to him, but had failed to do so. Plaintiff also alleged that he had then advised defendant that the $10,000 charge was being disputed. Defendant initially removed the $10,000 charge from his credit card bill, but, after determining that the charge was valid, defendant reversed the credit it had given plaintiff. Prior to commencing this action, plaintiff sent defendant a “dispute letter.” Plaintiff’s first cause of action, which alleged a breach of contract by virtue of defendant’s “breach [of the] implied covenants to act fairly in arms-length transactions, pursuant to local state and federal laws regulating such banks and the administration of credit card transactions,” in effect sought damages for breach of contract and/or violation *40 of statutes governing credit card transactions. Plaintiff asserted a second cause of action for attorney’s fees. A copy of the purported contract between the parties was annexed as an exhibit to the complaint. Defendant moved to dismiss the complaint, pursuant to CPLR 3211 (a) (7), for failure to state a cause of action, based on plaintiffs failure to cite the provision of the contract upon which plaintiff premised his claim, and plaintiff cross-moved for leave to serve an amended complaint. The District Court granted defendant’s motion and denied plaintiffs cross motion.
We note at the outset that the purported contract plaintiff submitted as an exhibit to the complaint consists of an unsigned “Business Credit Card Agreement,” as well as unsigned form notices of “changes in terms,” addressed to “Sample A. Sample,” which defendant provided to plaintiff in response to a request made prior to the commencement of this action. Thus, the contract annexed to the complaint is defendant’s representation of the controlling agreement between the parties.
Dismissal of a complaint pursuant to CPLR 3211 (a) (7) is appropriate only where, accepting the facts as pleaded to be true, construing the complaint liberally, and according the plaintiff the benefit of every possible favorable inference, no cause of action cognizable at law can be discerned from the factual allegations of the complaint (see e.g. Nonnon v City of New York, 9 NY3d 825, 827 [2007]; Goldman v Metropolitan Life Ins. Co., 5 NY3d 561, 570-571 [2005]; Leon v Martinez, 84 NY2d 83, 87-88 [1994]). This action arose from defendant’s alleged failure to credit plaintiffs credit card account with a sum of money which plaintiff claimed he was not obligated to pay because he had terminated his agreement to purchase, and did not buy, the car for which he had made the underlying payment. In the complaint, plaintiff made a general reference to the protections owed to him under local, state and federal laws. Federal courts have held that where a statutory violation exists, the failure to cite the correct statutory section does not require dismissal so long as the plaintiff has alleged facts sufficient to support a meritorious claim (see Northrop v Hoffman of Simsbury, Inc., 134 F3d 41, 45-46 [2d Cir 1997], abrogated on other grounds by Swierkiewicz v Sorema N. A., 534 US 506 [2002]).
Individuals using credit cards for consumer purchases are entitled to the protections afforded by the Federal Truth in Lending Act (15 USC § 1601 et seq.), including the Fair Credit Billing Act (15 USC § 1666), as well as New York’s General *41 Business Law §§ 701-707. Under the federal statutory scheme, charges for goods which were not accepted by or delivered to a credit card holder or his designee constitute “billing errors” (see 15 USC § 1666 [b] [3]), and a credit card holder who timely and properly challenges charges to his credit card statement on the basis that it contains a billing error is entitled to either an appropriate correction in his account or a written explanation from the credit card company setting forth the reasons why the creditor believes that the credit card statement was correct (see 15 USC § 1666 [a] [3] [B] [ii]). The failure to comply with such statutory notice requirements is penalized by forfeiture of the right to collect the disputed amount from the credit card holder (see 15 USC § 1666 [e]). The Truth in Lending Act (TILA) is a remedial statute and, as such, is intended to be construed liberally in favor of the consumer (Kurz v Chase Manhattan Bank, 273 F Supp 2d 474, 477 [SD NY 2003]).
New York State similarly defines a “billing error” as encompassing the posting of “any debit for goods which were not received by the consumer as required by the provisions of subdivision fourteen of section four hundred thirteen of the personal property law” (General Business Law § 701 [4] [d]); this includes goods purchased by credit card in New York. The consumer who properly disputes a sum which is, in fact, a billing error, is entitled to recover from the credit card company, among other things, his actual damages (see General Business Law § 707 [2] [a]) and the costs of the action together with a reasonable, attorney’s fee (see General Business Law § 707 [2] [c]).
Defendant’s motion papers failed to demonstrate that plaintiff has no cause of action. It is unclear whether or not defendant had extended “consumer credit” to plaintiff by issuing a credit card to a natural person, to be used “primarily for personal, family, household or agricultural purposes” (see American Express Co. v Koerner, 452 US 233, 241 [1981]). Nor can it be discerned from the sparse record in this case whether plaintiff’s use of his credit card was for personal or business purposes (see Shames-Yeakel v Citizens Fin. Bank, 677 F Supp 2d 994, 1002 [ND III 2009] [“courts conducting a TILA analysis look to ‘the substance rather than the form’ of the relevant transactions ... In determining whether a particular transaction had a primarily consumer or business nature within the meaning of the TILA, courts look to ‘the entire surrounding factual circumstances’ ”]). Defendant, as movant, bore the burden of establish *42 ing that no cause of action cognizable at law could be discerned from the complaint. Since defendant failed to meet this burden, we conclude that defendant’s motion to dismiss should háve been denied.
The determination of a motion to amend the complaint is entrusted to the broad discretion of the motion court, and the motion court’s determination “ ‘will not lightly be set aside’ ” (Ravnikar v Skyline Credit-Ride, Inc., 79 AD3d 1118, 1119 [2010], quoting Beuschel v Malm, 114 AD2d 569, 569 [1985]). Here, where the proposed amended complaint failed to set forth any new facts or legal theories, we conclude that the District Court’s denial of plaintiffs cross motion seeking leave to amend the complaint did not constitute an improvident exercise of discretion.
Nicolai, EJ., Molía and Iannacci, JJ., concur.