Doe v Ascend Charter Schs. (2020 NY Slip Op 01600)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Doe v Ascend Charter Schs.

2020 NY Slip Op 01600

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2017-12479
(Index No. 507652/17)

[*1]Jane Doe, etc., et al., respondents,
vAscend Charter Schools, appellant, et al., defendant.

Biedermann Hoenig Semprevivo, A Professional Corporation, New York, NY (Philip C. Semprevivo and Megan R. Siniscalchi of counsel), for appellant.
Slater, Sgarlato & Cappello, P.C., Staten Island, NY (Shaun Gregory White of counsel), for respondents.
Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Meredith Drucker Nolen and Nicholas Hurzeler of counsel), for defendant Jofaz Transportation, Inc.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant Ascend Charter Schools appeals from an order of the Supreme Court, Kings County (Martin M. Solomon, J.), dated September 28, 2017. The order denied that defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with one bill of costs to the plaintiffs, payable by the appellant.
The infant plaintiff, and her mother suing derivatively, commenced this action against Ascend Charter Schools (hereinafter Ascend) and Jofaz Transportation, Inc. (hereinafter Jofaz), alleging, inter alia, Ascend's negligent supervision of the infant plaintiff while she rode on a school bus. The plaintiffs allege, among other things, that in March 2017, while being transported to or from school on a bus owned, leased, operated, or controlled by Jofaz, the infant plaintiff was sexually abused by older students.
The plaintiffs filed their summons and complaint on April 19, 2017, and then filed a first amended complaint on May 4, 2017. Jofaz answered, but Ascend made a pre-answer motion pursuant to CPLR 3211(a)(7) to dismiss the first amended complaint insofar as asserted against it. The Supreme Court denied Ascend's motion, with leave to move for summary judgment after the completion of discovery.
After Ascend filed a notice of appeal, the plaintiffs were granted leave to serve a second amended complaint, and thereafter, a third amended complaint. The third amended complaint adds new causes of action; however, it does not substantively alter the existing causes of action in the first amended complaint alleging negligent supervision against Ascend. Therefore, we reject the plaintiffs' contention that service of the third amended complaint renders this appeal [*2]academic, since the rights of the parties will be directly affected by the outcome of this appeal (see Grant v DiFeo, 165 AD3d 897, 898; Anthony J. Demarco, Jr., P.C. v Bay Ridge Car World, 169 AD2d 808, 809).
Turning to the merits, "[o]n a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Shah v Exxis, Inc., 138 AD3d 970, 971; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Leon v Martinez, 84 NY2d 83, 87-88). "Whether the complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove [his or her] claims, of course, plays no part in the determination of a prediscovery CPLR 3211 motion to dismiss" (Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 AD3d 34, 38; see EBC I, Inc. v Goldman Sachs & Co., 5 NY3d 11, 19). "In assessing a motion under CPLR 3211(a)(7) . . . a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint" (Leon v Martinez, 84 NY2d at 88; see Rovello v Orofino Realty Co., 40 NY2d 633, 635-636). Further, since "the burden does not shift to the nonmoving party on a motion made pursuant to CPLR 3211(a)(7), a plaintiff has no obligation to show evidentiary facts to support [his or her] allegations'" (Sokol v Leader, 74 AD3d 1180, 1182, quoting Kotowski v Hadley, 38 AD3d 499, 500-501).
"A court is [also] permitted to consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211(a)(7)" (Sokol v Leader, 74 AD3d at 1181; see CPLR 3211[c]; Phillips v Taco Bell Corp., 152 AD3d 806, 807-808). "Yet, affidavits submitted by a defendant will almost never warrant dismissal under CPLR 3211 unless they establish conclusively that [the plaintiff] has no cause of action'" (Sokol v Leader, 74 AD3d at 1182, quoting Lawrence v Graubard Miller, 11 NY3d 588, 595, quoting Rovello v Orofino Realty Co., 40 NY2d at 636). Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the criterion is whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all, dismissal should not eventuate (see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275).
Here, we find that the plaintiffs adequately pleaded their negligent supervision cause of action against Ascend, including, but not limited to, allegations that Ascend: "had a duty to supervise the children within its custody," "had contracted for bus services with" Jofaz, and "had obtained prior written notice of similar sexual conduct that the infant plaintiff . . . had been subjected to."
In support of its motion to dismiss, Ascend submitted, among other things, the affidavit of Andrew Epstein, the chief financial officer of Ascend's parent corporation, who averred, in a conclusory fashion, that on the date of the subject incident, Ascend had no contract with Jofaz, did not hire, contract with, retain, employ, supervise or in any way control Jofaz with respect to the transportation of the infant plaintiff, and, finally, had no knowledge, written or otherwise, of inappropriate sexual behavior on the school bus. The defendant's submissions in support of its motion were insufficient to conclusively establish that the plaintiffs have no cause of action against Ascend for negligent supervision (see Lawrence v Graubard Miller, 11 NY3d at 595; Sokol v Leader, 74 AD3d at 1182).
Accordingly, we agree with the Supreme Court's determination denying Ascend's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it.
CHAMBERS, J.P., AUSTIN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court