Kaur v Lema (2020 NY Slip Op 05733)





Kaur v Lema


2020 NY Slip Op 05733


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2018-12946
 (Index No. 53067/17)

[*1]Surjeet Kaur, et al., appellants, 
v
Jose Lema, etc., et al., respondents.


Michael V. Caruso, P.C., Brewster, NY, for appellants.
Schwab & Gasparini PLLC, White Plains, NY (Louis U. Gasparini of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and fraud, the plaintiffs appeal from an order of the Supreme Court, Dutchess County (James D. Pagones, J.), dated October 23, 2018. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint and denied the plaintiffs' cross motion for leave to amend the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiffs, Surjeet Kaur and Tejpal Sandhu, are business partners. The defendant Jose Lema is a principal of the defendants LMP Realty, LLC (hereinafter LMP Realty), 3455 Route 9 Properties, Inc., Lema-Bedoya Import & Export Corp., and 8 Grandchildren, Inc. Based upon Lema's alleged misrepresentations as to profitability and value, Kaur agreed, through a series of contracts entered on behalf of the plaintiffs, to purchase: (1) an automotive and scrap metal business in Cold Spring (hereinafter the junkyard business), (2) the real property on which the junkyard business is located (hereinafter the junkyard property), and (3) Lema's membership units in LMP Realty, which holds title to real property located in Wappingers Falls (hereinafter the Route 9D property). The total purchase price was $2,600,000, and the plaintiffs tendered down payments totaling $625,000 to Lema.
The subject contracts allowed Kaur as the purchaser to take possession of the junkyard property and the Route 9D property prior to closing. However, after the plaintiffs took possession of the properties, they found that the junkyard business was not as profitable or operable as Lema had allegedly represented in their preliminary discussions and that the residential dwelling on the Route 9D property did not have a certificate of occupancy. Based on the foregoing, the plaintiffs advised the defendants of their intention to cancel the contracts and demanded the return of the down payments totaling $625,000, which the defendants refused.
The plaintiffs commenced this action against the defendants, seeking, among other things, damages for breach of contract and fraud. In lieu of answering, the defendants moved pursuant to CPLR 3211(a) to dismiss the complaint. The plaintiffs opposed the motion and cross-moved for leave to amend the complaint. In an order dated October 23, 2018, the Supreme Court granted the defendants' motion and denied the plaintiffs' cross motion. The plaintiffs appeal.
A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only
if the documentary evidence submitted by the movants utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law (see Fox Paine & Co., LLC v Houston Cas. Co., 153 AD3d 673, 677, citing Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326).
"'[O]n a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Doe v Ascend Charter Schs., 181 AD3d 648, 648, quoting Shah v Exxis, Inc., 138 AD3d 970, 971; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d at 326). "'A court is . . . permitted to consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211(a)(7)'" (Doe v Ascend Charter Schs., 181 AD3d at 650, quoting Sokol v Leader, 74 AD3d 1180, 1181). Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275).
Here, nowhere in the complaint or in Sandhu's affidavit submitted in opposition to the defendants' motion did the plaintiffs identify which contractual provisions the defendants allegedly breached based on Lema's alleged misrepresentations (see Reznick v Bluegreen Resorts Mgt., Inc., 154 AD3d 891, 893; Canzona v Atanasio, 118 AD3d 837, 839; Barker v Time Warner Cable, Inc., 83 AD3d 750, 751). Despite the plaintiffs' contentions to the contrary, the contracts were not vitiated by the prior dissolution of 3455 Route 9 Properties, Inc., Lema-Bedoya Import & Export Corp., and 8 Grandchildren, Inc. "A dissolved corporation retains the power to wind up its affairs (Business Corporation Law § 1005), which includes the power to transfer an interest in real property" (Filby v Brooks, 105 AD2d 826, 828, affd 66 NY2d 640).
Further, the subject contracts submitted by the defendants in support of their motion plainly state that Kaur, as the purchaser, was taking the purchases "AS IS," was not relying on any of the seller's representations, and most notably, undertook his own investigation as to the quality of such purchases. These specific disclaimers destroy the plaintiffs' generalized allegations that the contracts were executed in reliance upon Lema's contrary oral representations (see Travelsavers Enters., Inc. v Analog Analytics, Inc., 149 AD3d 1003, 1007; see also Danann Realty Corp. v Harris, 5 NY2d 317, 320-321).
"Applications for leave to amend pleadings under CPLR 3025(b) should be freely granted unless the proposed amendment (1) would unfairly prejudice or surprise the opposing party, or (2) is palpably insufficient or patently devoid of merit" (Maldonado v Newport Gardens, Inc., 91 AD3d 731, 731-732). A motion for leave to amend is committed to the broad discretion of the court (see Ravnikar v Skyline Credit-Ride, Inc., 79 AD3d 1118, 1119).
In light of the foregoing authority and the provisions of the subject contracts, the authenticity of which the plaintiffs do not challenge, the Supreme Court did not improvidently exercise its discretion in denying the plaintiffs' cross motion for leave to amend their complaint.
MASTRO, J.P., LEVENTHAL, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court