17 Lexington Ave., LLC v Alison Six Star, LLC (2024 NY Slip Op 03718)

17 Lexington Ave., LLC v Alison Six Star, LLC

2024 NY Slip Op 03718

Decided on July 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2022-10604
2023-03323
 (Index No. 507473/22)

[*1]17 Lexington Avenue, LLC, respondent, 
v
Alison Six Star, LLC, appellant, et al., defendant.

Verrill Dana LLP, White Plains, NY (Robert Laplaca of counsel), for appellant.
Natalia Gourari, White Plains, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant Alison Six Star, LLC, appeals from (1) an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated December 8, 2022, and (2) an order of the same court dated February 16, 2023. The order dated December 8, 2022, insofar as appealed from, denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against the defendant Alison Six Star, LLC. The order dated February 16, 2023, insofar as appealed from, upon reargument, in effect, adhered to the prior determination in the order dated December 8, 2022, denying that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against the defendant Alison Six Star, LLC.
ORDERED that the appeal from the order dated December 8, 2022, is dismissed, as that order was superseded by the order dated February 16, 2023, made upon reargument; and it is further,
ORDERED that the order dated February 16, 2023, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action against the defendant Alison Six Star, LLC (hereinafter the LLC), the owner of a residential building located in Brooklyn, and the defendant Myron Siegel, the LLC's principal, alleging, inter alia, in an amended complaint, causes of action sounding in breach of contract, specific performance, and fraud arising out of written agreements entered into between the plaintiff and the LLC. The plaintiff also sought a Yellowstone injunction, among other things, granting it access to the premises to continue pre-demolition groundwork and a judgment declaring a notice of default void and a lease entered into between the parties in full force and effect. The defendants interposed an answer with counterclaims, in which the defendants alleged, inter alia, that the plaintiff's obligation to pay rent had commenced on December 1, 2020. The plaintiff moved pursuant to CPLR 3211(a) to dismiss the counterclaims, contending, among [*2]other things, that the lease had not yet commenced based on Section XXIX.18 of the lease, which obligated the defendants to remove all existing tenants from the premises. The defendants opposed the plaintiff's motion, relying upon, inter alia, Section II.3 of the lease and a Commencement Date Agreement, which was attached as an exhibit to the lease. The defendants contended that, although the "precise dates are not filled in, by signing the Commencement Date Agreement, [the plaintiff] acknowledged that the Commencement Date had already occurred" on November 25, 2020, the date the Commencement Date Agreement was signed. Thereafter, the defendants moved pursuant to CPLR 3211(a)(7) to dismiss the amended complaint, contending that the commencement date was a missing material term left for future negotiation that rendered the lease unenforceable and in violation of the statute of frauds.
In an order dated December 8, 2022, the Supreme Court, among other things, denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against the LLC. Thereafter, the defendants moved for leave to reargue that branch of their motion which was to dismiss the amended complaint insofar as asserted against the LLC. In an order dated February 16, 2023, the court, upon reargument, in effect, adhered to its prior determination denying that branch of the defendants' motion. The LLC appeals.
"[O]n a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Doe v Ascend Charter Schs., 181 AD3d 648, 649 [internal quotation marks omitted]; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Leon v Martinez, 84 NY2d 83, 87-88). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the criterion is whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all, dismissal should not eventuate" (Doe v Ascend Charter Schs., 181 AD3d at 650; see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275). "Whether [a] complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove its claims, of course, plays no part in the determination of a prediscovery CPLR 3211 motion to dismiss" (Tcharnyi v Mendez, 221 AD3d 930, 931 [internal quotation marks omitted]; see Redwood Prop. Holdings, LLC v Christopher, 211 AD3d 758, 759).
"Evidence outside the four corners of [a] document as to what was really intended but unstated or misstated is generally inadmissible to add to or vary the writing" (Donohue v Cuomo, 38 NY3d 1, 12-13 [internal quotation marks omitted]; see Hylan Ross, LLC v 2582 Hylan Blvd. Fitness Group, LLC, 206 AD3d 893, 895). "However, where contract language is 'reasonably susceptible of more than one interpretation,' and thus ambiguous, extrinsic or parol evidence is permitted to determine the parties' intent as to the meaning of that language" (Hylan Ross, LLC v 2582 Hylan Blvd. Fitness Group, LLC, 206 AD3d at 895, quoting Chimart Assoc. v Paul, 66 NY2d 570, 573).
"When interpreting a contract, the construction arrived at should give fair meaning to all the language employed by the parties, to reach a practical interpretation of the parties' expressions so that their reasonable expectations will be realized" (Yarom v Poliform S.P.A., 153 AD3d 760, 761 [internal quotation marks omitted]). "Whether a contract is ambiguous is an issue of law for the court to decide" (Hylan Ross, LLC v 2582 Hylan Blvd. Fitness Group, LLC, 206 AD3d at 895; see Greenfield v Philles Records, 98 NY2d 562, 569).
Here, the evidentiary material submitted by both parties reveals, among other things, that the terms of the lease are reasonably susceptible of more than one interpretation, and, thus, ambiguous, requiring extrinsic evidence to resolve the ambiguity (see Hylan Ross, LLC v 2582 Hylan Blvd. Fitness Group, LLC, 206 AD3d at 895; 25 Bay Terrace Assoc., L.P. v Public Serv. Mut. Ins. Co., 194 AD3d 668, 670).
The LLC's remaining contentions either are without merit or need not be reached in [*3]light of our determination.
Accordingly, the Supreme Court, upon reargument, properly adhered to the prior determination denying that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against the LLC.
DUFFY, J.P., MILLER, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court