Kisla v Schafer's Port Jefferson (2025 NY Slip Op 02335)

Kisla v Schafer's Port Jefferson

2025 NY Slip Op 02335

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2019-12676
 (Index No. 602279/15)

[*1]Atilla Kisla, et al., respondents, 
v
Schafer's Port Jefferson, et al., defendants, Thomas Schafer, appellant.

Gruenberg Kelly Della, Ronkonkoma, NY (Zachary M. Beriloff of counsel), for appellant.

DECISION & ORDER
In a consolidated action to recover damages for personal injuries, etc., the defendant Thomas Schafer appeals from an order of the Supreme Court, Suffolk County (Linda J. Kevins, J.), dated October 3, 2019. The order, insofar as appealed from, denied the motion of the defendant Thomas Schafer pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against him for failure to state a cause of action.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiffs, Atilla Kisla and his wife, Ann Kisla, commenced an action against, among others, the defendant Thomas Schafer (hereinafter the defendant), an owner of a restaurant/bar known as Schafer's Port Jefferson, to recover damages for personal injuries allegedly resulting from an incident at Schafer's Port Jefferson during which one or more of its employees struck Atilla. The defendant moved pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against him for failure to state a cause of action. In an order dated October 3, 2019, the Supreme Court, inter alia, denied the defendant's motion. The defendant appeals.
On a motion to dismiss pursuant to CPLR 3211(a)(7), the court must accept the facts alleged in the complaint as true, afford the plaintiff the benefit of every possible favorable inference, and determine only whether the alleged facts fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87; Doe v Ascend Charter Schs., 181 AD3d 648, 649; Phillips v Taco Bell Corp., 152 AD3d 806, 807). Although a court is permitted to consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211(a)(7), an affidavit submitted by a defendant will almost never warrant dismissal under CPLR 3211 unless it establishes conclusively that the plaintiff has no cause of action (see Doe v Ascend Charter Schs., 181 AD3d at 650; Phillips v Taco Bell Corp., 152 AD3d at 807-808; Bokhour v GTI Retail Holdings, Inc., 94 AD3d 682, 682-683). Indeed, a motion to dismiss pursuant to CPLR 3211(a)(7) supported by evidentiary material must be denied "unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it" (Bokhour v GTI Retail Holdings, Inc., 94 AD3d at 683 [internal quotation marks omitted]).
Contrary to the defendant's contention, the plaintiffs are not seeking to hold him personally liable for the alleged wrongdoing of Schafer's Port Jefferson by piercing the corporate veil but, rather, as an operator of the premises and an employer and/or supervisor of the restaurant's employees (cf. e.g. Tabchouri v Hard Eight Rest. Co., LLC, 219 AD3d 528, 530). In that regard, the bare allegations of the defendant in his affidavit submitted in support of his motion did not conclusively establish that the plaintiffs have no cause of action against him (see Doe v Ascend Charter Schs., 181 AD3d at 650; Phillips v Taco Bell Corp., 152 AD3d at 807-808; Bokhour v GTI Retail Holdings, Inc., 94 AD3d at 683). Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against him for failure to state a cause of action.
DILLON, J.P., DOWLING, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court