Bruce v Solny
2026 NY Slip Op 02815
May 6, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Janet Bruce, respondent-appellant,
v
Sanford Solny, et al., appellants-respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 6, 2026
2021-00414, (Index No. 510162/20)
Cheryl E. Chambers, J.P.
Deborah A. Dowling
James P. McCormack
Susan Quirk, JJ.

Storch Law, P.C., Brooklyn, NY (Zvi A. Storch and Binyomin Bendet of counsel), for appellants-respondents Sanford Solny, Shandelle Solny, E 29 St Realty, Inc., and A to Z Management I Corp.
Law Office of Susie Chovev, Esq. PLLC, Woodmere, NY, for appellants-respondents Abraham Hoschander, Abraham Hoschander & Associates, PLLC, Avinoam Rosenfeld, and Rosenfeld Law Office, PLLC.
Lienhard & Grumbach PLLC, Brooklyn, NY (William G. Lienhard and Adam Grumbach of counsel), for respondent-appellant.
In an action, inter alia, to recover damages for fraud, the defendants Sanford Solny, Shandelle Solny, E 29 St Realty, Inc., and A to Z Management I Corp. appeal, the defendants Abraham Hoschander, Abraham Hoschander & Associates, PLLC, Avinoam Rosenfeld, and Rosenfeld Law Office, PLLC, separately appeal, and the plaintiff cross-appeals, from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated December 8, 2020. The order, insofar as appealed from by the defendants Sanford Solny, Shandelle Solny, E 29 St Realty, Inc., and A to Z Management I Corp., denied that branch of their motion which was pursuant to CPLR 3211(a)(5) and, in effect, (7) to dismiss the complaint insofar as asserted against them. The order, insofar as appealed from by the defendants Abraham Hoschander, Abraham Hoschander & Associates, PLLC, Avinoam Rosenfeld, and Rosenfeld Law Office, PLLC, denied their motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against them. The order, insofar as cross-appealed from, denied the plaintiff's cross-motion to compel the defendant E 29 St Realty, Inc., to transfer title to the subject property to the plaintiff, to deliver all of the rent collected from the subject property since March 2014 to the plaintiff, and to provide the plaintiff with all records concerning the subject property.

[*1]
DECISION & ORDER
Motion by the plaintiff, inter alia, to dismiss the appeals on the ground that they have been rendered academic. By decision and order on motion of this Court dated June 29, 2022, that branch of the motion was held in abeyance and referred to the panel of Justices hearing the appeals and cross-appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals and cross-appeal, it is
ORDERED that the branch of the motion which is to dismiss the appeals on the [*2]ground that they have been rendered academic is granted; and it is further,
ORDERED that the appeals are dismissed, without costs or disbursements; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from, without costs or disbursements.
This action arises from an allegedly fraudulent scheme whereby the plaintiff was tricked into giving up title to her home. The plaintiff alleged that she and her husband transferred title to their home, which was in the midst of a foreclosure action, to the defendant E 29 St Realty, Inc. (hereinafter E 29 St Realty), upon a false promise that the defendants Sanford Solny, Shandelle Solny, and A to Z Management I Corp. and E 29 St Realty (hereinafter collectively the Solny defendants) would pay off the mortgage. The plaintiff alleged that the Solny defendants' goal was to install tenants and collect as much rent as possible. She alleged that Sanford Solny and Shandelle Solny have been involved in similar fraudulent schemes in the past. The plaintiff further alleged that the defendants Abraham Hoschander, Abraham Hoschander & Associates, PLLC, Avinoam Rosenfeld, and Rosenfeld Law Office, PLLC (hereinafter collectively the attorney defendants), who were close associates of the Solny defendants, used the court to delay the foreclosure action as long as possible so that the Solny defendants could continue to collect rent. The attorney defendants allegedly did this by misrepresenting to the court and opposing counsel that they represented the plaintiff and failing to advise the plaintiff of her rights or the Solny defendants' obligations toward the property. The complaint asserted 15 causes of action, including, inter alia, causes of action alleging fraud, violations of the Home Equity Theft Prevention Act (Real Property Law § 265-a) and General Business Law § 349, negligent misrepresentation, unjust enrichment, and legal malpractice.
The Solny defendants moved, among other things, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them on the grounds that the action was barred by a release and by the statute of limitations and, in effect, pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging a violation of General Business Law § 349 insofar as asserted against them for failure to state a cause of action. The plaintiff cross-moved to compel E 29 St Realty to transfer title to the property to the plaintiff, to deliver all of the rent collected from the property since March 2014 to the plaintiff, and to provide the plaintiff with all records concerning the property. The attorney defendants moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against them. In an order dated December 8, 2020, the Supreme Court, among other things, denied that branch of the Solny defendants' motion which was pursuant to CPLR 3211(a)(5) and, in effect, (7) to dismiss the complaint insofar as asserted against them, denied the plaintiff's cross-motion, and denied the attorney defendants' motion. The Solny defendants and the attorney defendants separately appeal, and the plaintiff cross-appeals.
In January 2021, the plaintiff filed an amended complaint, which added new causes of action and new factual allegations. The plaintiff moves, inter alia, to dismiss the appeals of the Solny defendants and the attorney defendants on the ground that the appeals have been rendered academic in light of the amended complaint. The plaintiff's submissions in support of her motion reflect that the Solny defendants and the attorney defendants have each answered the amended complaint, the attorney defendants unsuccessfully moved to dismiss the amended complaint insofar as asserted against them, and the plaintiff successfully moved to dismiss, among other things, an affirmative defense in the Solny defendants' answer to the amended complaint relating to the amended cause of action alleging a violation of General Business Law § 349.
Contrary to the contentions of the Solny defendants and the attorney defendants, the new allegations in the amended complaint substantively alter the causes of action in the original complaint (cf. Doe v Ascend Charter Schs., 181 AD3d 648; Grant v DiFeo, 165 AD3d 897, 898). Accordingly, since the original complaint has been superseded by the amended complaint, the Solny defendants' and the attorney defendants' challenges to so much of the order dated December 8, 2020, as denied dismissal of the original complaint insofar as asserted against each of them have been rendered academic, and the appeals therefrom must be dismissed (see Oppedisano v D'Agostino, 196 [*3]AD3d 500, 501; Jeffrey Gardens Apt. Corp. v LH Mgt., Inc., 157 AD3d 941, 942).
The Supreme Court did not err in denying the plaintiff's cross-motion, as the plaintiff failed to set forth a legal basis that entitled her to the requested relief.
CHAMBERS, J.P., DOWLING, MCCORMACK and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court